**1522-CC00049**

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| **JAMES P. BLOUNT,** ) | |
| ) | Cause No. |
| Plaintiff, ) | |
| ) | Division No. |
| vs. ) | |
| ) | |
| **CITY OF ST. LOUIS, MISSOURI** ) | |
| Serve: ) | |
| Mayor Francis Slay ) | |
| 1200 Market Street, Room 314 ) | |
| St. Louis, Missouri 63103 ) | |
| ) | |
| **METROPOLITAN POLICE DEPARTMENT** ) | |
| **OF THE CITY OF ST. LOUIS** ) | |
| Serve: ) | |
| Legal Department ) | |
| 1200 Clark Street, Room 609 ) | |
| St. Louis, Missouri 63103 ) | |
| ) | |
| **ST. LOUIS CITY POLICE CHIEF,** ) | |
| **SAMUEL DOTSON** ) | |
| Serve: ) | |
| Samuel Dotson, Chief ) | |
| 1200 Clark Street ) | |
| St. Louis, Missouri 63103 ) | |
| ) | |
| **CITY OF ST. LOUIS BOARD OF POLICE** ) | |
| **COMMISIONERS,** ) | |
| Serve: ) | |
| Legal Department ) | |
| 1200 Clark Street, Room 609 ) | |
| St. Louis, Missouri 63103 ) | |
| ) | |
| **KEITH S. MAJOR,** individually and in ) | |
| official capacity ) | |
| ) | |
| **NICHOLAS R. SHELTON,** individually and in ) | |
| official capacity, ) | |

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

**ERICH J. VONNIDA**, individually and in )
   official capacity, )
    )
**EZELL T. CODY, JR.**, individually and in )
   official capacity, )
    )
**ZACHARY NICHOLAY**, )
In official capacity )
    )
**MATTHEW MILLER** )
In official capacity )
    )
**ALBERT NAPIER** )
In official capacity )
    )
**JOHN DOE**, individually and in )
   official capacity, )
    )
Serve: )
4014 Union Blvd )
St. Louis City, MO 63102 )
    )
**HBS, CO,** )
Also Known As, )
**HUDSON SERVICES** )
    )
Serve Agent: )
CHARLES H. BILLINGS )
1735 S. Big Bend Boulevard )
St. Louis, Missouri 63117 )
    )
    )
    )
**PINNACLE ENTERTAINMENT, INC.** )
**&/or CASINO ONE CORPORATION** )
**&/or TROPICANA ENTERTAINMENT INC.** )
**as successor** )
**all also known as** )
**LUMIERE CASINO** )
**also known as** )
**LUMIERE PLACE & HOTELS** )
**also known as** )
**LUMIERE PLACE CASINO & HOTELS** )
    )
    )

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Serve agent:                                          )
CT Corporation System                                 )
120 South Central Ave                                 )
Clayton, Missouri 63105                               )
for PINNACLE ENTERTAINMENT INC.                       )
& CASINO ONE CORPORATION                              )
                                                      )
Server agent:                                         )
Robert Cantwell                                       )
7701 Forsyth Blvd. Suite 500                          )
Clayton, Missouri 63105                               )
for TROPICANA ENTERTAINMENT INC.                      )
                                                      )
Matthew Harmon                                        )
                                                      )
Serve at 999 N. 2d Street                             )
St. Louis, Missouri 63012                             )
                                                      )
    Defendants.                                       )

## COMPLAINT

1.    Plaintiff James P. Blount (hereinafter "Blount") at all relevant times is a citizen of the United States of American, residing in Chicago, Illinois.

2.    Defendant City of St. Louis, Missouri (hereinafter "City of St. Louis") is a first class city, political subdivision of the State of Missouri duly organized under the Constitution of Missouri. Defendant is not entitled to sovereign immunity pursuant to §537.600 or otherwise and has otherwise waived its immunity for any United States Constitutional claim pled infra herein.

3.    Defendant Metropolitan Police Department of the City of St. Louis (hereinafter "St. Louis P.D.") is an instrumentality of the City of St. Louis, Missouri organized and controlled pursuant to the Statutes of the State of Missouri and Defendant is not entitled to sovereign immunity pursuant to §537.600 or otherwise and has otherwise waived its immunity for any United States Constitutional claim pled infra herein.

3

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

4.      Defendant St. Louis City Police Chief, Samuel Dotson (hereinafter "Chief Dotson") was the chief of the Metropolitan Police Department of the City of St. Louis at all times relevant herein.  At all times relevant herein he was responsible for the training, supervision, behavior and activity of the officers of the Department.  He is sued in both his official capacities.  Defendant is not entitled to any official immunity for the United States Constitutional Claims pled infra.

5.      Defendant City of St. Louis Board of Police Commissioners (hereinafter "Police Board" ) is an entity created by statute that is charged with responsibility over the St. Louis Metropolitan Police Department. Defendant is not entitled to sovereign immunity pursuant to §537.600 or otherwise and has otherwise waived its immunity for any United States Constitutional claim pled infra herein.

6.      Defendants Keith S. Major, Ezell T. Cody, Jr., Nicholas R. Shelton, Erich J. Vonnida, and Defendant John Doe (hereinafter "Defendant Major" "Defendant Cody", "Defendant Shelton", "Defendant Vonnida", and John Doe) are upon information and belief duly commissioned law enforcement officers of the State of Missouri and law enforcement officers of the Metropolitan Police Department of the City of St. Louis and were working approved secondary employment as security officers for Hudson Services who were at the date of the incident involving Plaintiff Blount working as security agents on behalf Defendant(s) Lumiere Casino described infra in paragraph 10.  No Defendant is entitled to official immunity for any of said Defendant(s) actions described infra herein.

7.      Defendants Zachary Nicholay DSN 7568 and Matthew Miller, DSN 7437, are commissioned police officers of the St. Louis City Police Department and upon information and belief conveyed Plaintiff Blount to Saint Louis University Hospital and failed to protect

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Plaintiff Blount from the other when upon information and belief one of the named Defendant Police Officers struck Plaintiff Blount in the ambulance and/or failed to protect Plaintiff Blount from the other Defendant Police officer as and while Plaintiff Blount was inside the ambulance in transport to the hospital in the custody and/or control of Defendant Officers named in this averment.

8.    Defendant Albert Napier, DSN 4162 upon information and belief was a St. Louis City Police Department and at the time of the incident a Sergeant with said police department who responded to the scene of the incident described herein at the premises of Defendant Lumiere Casino and as such was the highest ranking officer of the scene and he failed protect Plaintiff Blount at and while Plaintiff Blount was transported Saint Louis University Hospital from other officers and further failed to protect Plaintiff Blount from the tortious and/or violation of his United States Constitutional rights when Plaintiff Blount to the effect was instructed not reveal and/or complain of the any of those that participated in assault and battery and/or false arrest and/or imprisonment of Plaintiff Blount.

9.    Defendant HBS, Co. doing business as Hudson Services (hereinafter Defendant "Hudson Services") is a duly registered Missouri Corporation in the business of providing security services including, secondary employed commissioned law enforcement officers with Defendant Hudson Services president is William Hudson and Defendant Hudson Services that employed Defendants Defendant Major" "Defendant Cody", "Defendant Shelton", "Defendant Vonnida", and Matthew Harmon and John Doe as security agents and had a joint venture, Master/Servant, agency agreement and/or agreement to provide security agents to Defendant(s) Lumiere Casino described infra in paragraph 8.

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

10.    Upon information and belief at the time of incident with Plaintiff Blount at all relevant times was a invitee of Defendant Pinnacle Entertainment, Inc. is a corporation organized under the State of Delaware that had ownership of the property commonly known as Lumiere Place Casino & Hotel, and/or Casino One Corporation is a corporation organized under the State of Mississippi registered the fictious name of Lumiere Place Casino & Hotel and/or a successor in interest Tropicana Entertainment Inc. is a corporation organized under the State of Delaware acquired the Casino commonly known as Lumiere Place Casino & Hotel after Plaintiff had given notice of his claim against said entity and upon information and belief is a successor corporation of the property and Casino commonly known as Lumiere Place Casino & Hotel also known as Lumiere Place & Hotels and/or Lumiere Casino (hereinafter known as "Defendant(s) Lumiere Casino" and Defendant(s) Lumiere Casino had its own security agents and additionally had a joint venture, agency relationship, and/or contract with Defendant Hudson Services and/or Defendants hereinafter "Defendant Major" "Defendant Cody", "Defendant Shelton", "Defendant Vonnida", and John Doe(s) for security services and/or security guards and that said defendants were at all relevant times Defendant Hudson Services and/or Defendant Major" "Defendant Cody", "Defendant Shelton", "Defendant Vonnida", and John Doe(s) were the master of defendant servants who were working as agents and on the behalf of Defendant(s) Casino until the time that any of the above named defendants became a agent of the St. Louis City Police Department if at any time to be determined as a matter of fact and law.

11.    Defendant Matthew Harmon is upon information and belief a licensed security officer with license number 99903 upon information and belief was a agent of Defendant

Lumiere Casino and/or Defendant Hudson Services who assisted other Defendants in assault and battery of Plaintiff Blount and otherwise failed to protect Plaintiff Blount.

12.    Upon information and belief Hudson Services is a fictitious name for HBS, Co. a duly registered corporation of the State of Missouri (hereinafter "Hudson Services") doing business as Hudson Services had a contractual relationship and/or joint venture to provide security agents to Defendant Lumiere Casino including "Defendant Major" "Defendant Cody", "Defendant Shelton", "Defendant Vonnida", and John Doe(s). Defendant Hudson Services is liable to Plaintiff for the allegations of facts described herein under the doctrines of respondeat superior for its servant agents for actions done within the scope of their duties and for actions outside the scope of their duties but in the presence of the Master Defendant Hudson Services that Defendant Hudson Services failed to prevent and for its own negligence in supervision of its agents.

13.    Defendant Lumiere Casino is liable to Plaintiff for the allegations of facts described herein for the allegations of facts described herein under the doctrine of respondeat superior for its servant agents and those working for the benefit of Defendant Lumiere Casino for actions done within the scope of their duties and for actions outside the scope of their duties but in the presence of the Master Defendant Hudson Services that Defendant Hudson Services failed to prevent, negligent supervision and for dangerous condition of property.

14.    The true names, identities and specific capacities for those referred to as John Doe Defendants are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to show the true names and specific capacities of said Defendants when the same have been ascertained.

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Plaintiff Blount is informed and believes and based thereon alleges that each said fictitiously named Defendant is in some way legally responsible for the wrongs more fully set forth below.

### Jurisdiction

15.     Plaintiff brings this action pursuant to 42 U.S.C. §1983 and §1988 and the Fourth and Fourteenth Amendments to the United States Constitution including claims of excessive use of force by a law enforcement officers.  The Court has jurisdiction of this action pursuant to R.S.Mo. §478.220.  Plaintiff seeks his reasonable attorney fees, and further brings his cause of action under Missouri law of assault & battery, false imprisonment, negligence, and master/servant law.

### Venue

16.     Venue is proper in this Court pursuant to R.S.Mo. §508.010 as the incident occurred within the City of St. Louis.

### Facts Common to All Counts

17.     On or about January 19, 2013, Petitioner Blount was an invitee at Lumiere Place Casino and Hotels (hereinafter "Lumiere") located within the City of St. Louis.

18.     Upon exiting Lumiere, Plaintiff was assaulted by, upon information and belief, an unknown invitee of Lumiere.

19.     On or about the same time, unknown Defendant(s) Lumiere Casino security, including, known approved secondary employment police officers of the St. Louis Police Department who upon information and belief at the time were agents of Hudson Services and Lumiere Casino defendant(s) in the scope of their services assaulted and battered Plaintiff and falsely imprisoned him concerning an incident.  Defendant Major, Defendant Shelton,

8

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Defendant Cody, Defendant Vonnida, and John Does #4, were on approved secondary employment while on duty as security officers for Defendant(s) Lumiere Casino and/or Hudson services.

20.    Defendant Lumiere Casino had a duty to provide a reasonable safe condition of property to invitees and breached its duty by failing to protect invitee Plaintiff Blount from another unknown invitee and then further breached its duty by failing to properly supervise its security agents including Defendant agents named herein from assaulting Plaintiff and falsely imprisoning him at the scene of the incident and premises of Defendant Lumiere Casino.

21.    At some point in the incident upon information and belief Defendant Major purportedly placed Plaintiff under arrest.

22.    Defendants Lumiere Casino and/or Defendant Hudson Services agents being Defendants Major, Shelton, Harmon in the scope and authority of their duties as security officers (on approved secondary employment as commissioned law enforcement) officers struck Plaintiff Blount with their batons and used other physical force, dislocating his femur bone out of his hip socket causing him significant injury as well. They also failed to protect Petitioner Blount from the other Defendants.

23.    Once Plaintiff Blount was handcuffed by Defendant Lumiere Casino and/or Hudson Services and/or alternatively Defendants City of St. Louis and City of St. Louis Police Department the security agents and/or law enforcement officers, Defendant Major, in the scope and authority of his duty as a duly as a security officer for Defendant Lumiere Casino and/or Hudson Services and/or as commissioned law enforcement officer struck

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Plaintiff Blount in the eye while he was handcuffed. He also failed to protect Petitioner Blount from the other Defendants.

24.    An ambulance was called and while in transport from the scene to St. Louis University Hospital, Plaintiff Blount was still handcuffed and unable to lie flat due to his femur bone being dislocated from his hip socket, was then punched in the stomach by Defendant either Defendant Zachary Nicholay, DSN and/or Defendant Matthew Miller, DSN 7437 and additionally and/or alternatively either Defendant Nicholay and/or Defendant Miller failed to protect Plaintiff Blount from the other Defendant from being struck while Plaintiff Blount was in the ambulance to be transported to St. Louis University Hospital.

25.    Once Plaintiff Blount was at St. Louis University Hospital receiving medical treatment for his injuries, an unknown St. Louis City Police Officer stated to Plaintiff Blount he had viewed the videotape of the incident which confirmed that Plaintiff Blount was not the aggressor in the incident with the unknown invitee of Lumiere and asked Plaintiff Blount if he intended to bring suit against the St. Louis Police Department and suggested to him to the effect that if he did not make a big deal out of the incident and go back to where he came from, then the St. Louis Police Department would issue criminal charges against him.

26.    Though Plaintiff Blount was in the custody of Defendants at the hospital and he required medical services Defendants failed to pay for his medical care needed as a result of the injuries he received from Defendant security guards and/or Defendant commissioned police officers leaving Plaintiff with substantial medical bills.

27.    Plaintiff incorporates Exhibit 1 being a true and accurate police incident report St. Louis Metropolitan Incident Report CN 13-003513 that upon information and belief was written by defendant Keith S. Major DSN (4841), with assisting officer Ezell T. Cody DSN

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

(11004), Nicolas R. Shelton DSN (11025) and Erich J. Vonnida DSN (8031) and additionally with incident assisting officer Edgar F. Stegall DSN (2497). Exhibit 1 contains numerous statements of force utilized against Plaintiff Blount by Defendants Major, Cody, Shelton, Vonnida and John Doe including the use of batons, physical force of hands and restraints.

28.    Upon information and belief the St. Louis Metropolitan Incident Report CN 13-003513 was approved by defendant St. Louis City Police Officers Lucinda J. Miller DSN (5050) and Commander's approval Scott A. Aubuchon DSN (4008). Defendant Sergeant Albert Napier, DSN 4162 responded to the incident and was the highest ranking officer of Defendant Police Department.

29,    A video tape is referred to in Exhibit 1 which depicted the scene and defendants were placed on notice to maintain, safe keep and not destroy said video tape.

30.    Defendants refused to release video tape to Plaintiff and refused to provide incident report which was obtained by Defendant Lumiere Casino insurance company.

31.    Upon information and belief Defendants Major, Cody, Shelton, and Vonnida were at the time the incident began at the premises of Lumiere Place Casino working approved secondary employment by and through Defendant Hudson Security for the benefit of and as agents for Defendant Lumiere Casino.

32.    Upon information and belief no security officer of Defendants Lumiere Casino, including Defendant Matthew Harmon and/or Hudson Services and/or any commissioned police officer whether on approved secondary employment and/or on duty was disciplined from their actions against Plaintiff Blount and no use of force reports were written and all Defendants ratified the actions of other Defendants and were otherwise negligent and deliberately indifferent to the rights of others namely Plaintiff Blount.

33.    Plaintiff Blount committed no crime, nor has he been charged with the commission of any crime in relation to this incident.

34.    Plaintiff Blount as a result of the injuries suffered as a direct result physical injuries, emotional distress, pain and suffering, medical bills, pecuniary damages, loss of wages and economic losses by Defendants described supra and infra herein including suffering severe and permanent injuries and damages, including his femur bone being dislocated from his hip socket, bruises, contusions and abrasions; Plaintiff's body was rendered weak, stiff and sore, causing Plaintiff great pain, anguish and fear.  Additionally, Plaintiff has suffered special damages in the form of medical expenses and will suffer additional special damages in the future in amounts which have not yet been determined.

### Count 1 – EXCESSIVE FORCE (VIOLATION OF FOURTH AMENDMENT)
**(Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller and John Doe in their individual and official capacities)**

35.    Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.    On January 19, 2013, Defendants Keith S. Major DSN (4841), with assisting officer Ezell T. Cody DSN (11004), Nicolas R. Shelton DSN (11025) and Erich J. Vonnida DSN (8031) and additionally with incident assisting officer Edgar F. Stegall DSN (2497) while employed by and on duty as police officers for the St. Louis Police Department, were called and responded to Lumiere in reference to an altercation.

37.    Upon the officers' arrival, Ezell T. Cody DSN (11004), Nicolas R. Shelton DSN (11025) and Erich J. Vonnida DSN (8031) struck Plaintiff Blount with their batons. Once Plaintiff Blount was handcuffed, Defendant Major struck Plaintiff Blount in the eye. An ambulance was called and while in transport from the scene to St. Louis University

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Hospital, Defendant Zachary Nicholay, DSN 7568  and/or Defendant Matthew Miller, DSN all such events constituting singularly and/or collectively as a excessive use of force that a reasonable officer faced with the same or similar circumstances without the benefit of hindsight would not have used such force against Plaintiff in violation of Plaintiff Blount's United States Constitutional Rights including those rights in the 4th amendment.

38.    Plaintiff Blount committed no crime, nor has he been charged with the commission of any crime in relation to this incident.

39.    The force used by Defendants Major, Cody, Shelton, Vonnida, Nicholey, Miller and John Doe was unreasonable in light of the circumstances in that it was clearly in excess of the force required to subdue Plaintiff.  The force used by Defendant(s) was not the force that would be used by a reasonable officer faced with the same or similar circumstances without the benefit of hindsight; and no Defendant(s) is entitled to official immunity for their respective actions described infra and supra herein.

40.    As a direct and proximate result of the unlawful and malicious physical abuse of Plaintiff by Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller and John Doe Plaintiff suffered severe and permanent injuries, emotional distress and damages, including his femur bone being dislocated from his hip socket, bruises, contusions and abrasions; Plaintiff's body was rendered weak, stiff and sore, causing Plaintiff great pain, anguish, emotional distress and fear.  Additionally, Plaintiff has suffered special damages in the form of medical expenses, economic damages, loss of wages and will suffer additional special damages in the future in amounts which have not yet been determined.

41.    The acts of Defendants Major, Cody, Shelton, Vonnida, Nickolay, Miller and John Doe  were intentional, wanton, malicious, oppressive, and deliberately indifferent to the

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

rights of others thus entitling Plaintiff to an award of punitive damages against said Defendants in their individual capacities.

42.    Plaintiff Blount as a result of the injuries he received by Defendants described supra and infra herein suffered as a direct result physical injuries, emotional distress, pain and suffering, medical bills, pecuniary damages, and economic losses.

43.    If Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 and pursuant to 42 U.S.C. §1983 and §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Major, Cody, Shelton, Vonnida, Nicholey, Miller and John Doe, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00) and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

## Count II – EXCESSIVE FORCE (VIOLATION OF THE 14th AMENDMENT OF THE UNITED STATES CONSTITUTION; SUBSTATIVE DUE PROCESS VIOLATION)
### (Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller and John Doe in their individual and official capacities)

44.    Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45.    Upon the officers' arrival, Ezell T. Cody DSN (11004), Nicolas R. Shelton DSN (11025) and Erich J. Vonnida DSN (8031) struck Plaintiff Blount with their batons. Once Plaintiff Blount was handcuffed, Defendant Major struck Plaintiff Blount in the eye.

46.    Defendants Major, Cody, Shelton, Vonnida and John Doe used excessive force in subduing Plaintiff, and in doing so, deliberately intended to cause harm and injury to Plaintiff unrelated to the legitimate object of using the necessary amount of force to subdue

him. The force used by Defendant(s) was not the force that would be used by a reasonable officer faced with the same or similar circumstances without the benefit of hindsight and said Defendants are not entitled to any official immunity for their respective actions described supra and infra herein.

47.    An ambulance was called and while in transport from the scene to St. Louis University Hospital, Defendant Zachary Nicholay, DSN 7568 and/or Defendant Matthew Miller, DSN 7437 and Defendant officers used a excessive use of force that a reasonable officer faced with the same or similar circumstances without the benefit of hindsight would not have used such force against Plaintiff in violation of Plaintiff Blount's United States Constitutional Rights including those rights provided in the 14th amendment when either Defendant Nicholay and/or Defendant Miller struck Plaintiff Blount in the ambulance.

48.    Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Nicholay, Miller and John Doe use of excessive force against Plaintiff was shocking to the conscience in that it amounted to an arbitrary abuse of the power entrusted in them to serve and protect the public.

49.    As a direct and proximate result of the unlawful, intentional and malicious physical abuse of Plaintiff by Defendants Major, Cody, Shelton, Vonnida and John Doe committed under color of law and under each individual's authority as a City of St. Louis police officer, Plaintiff suffered severe and permanent injuries and damages and was deprived of his right to substantive due process, in violation of the Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

50.    As a direct and proximate result of the intentional, malicious and outrageous conduct of Defendants Major, Cody, Shelton, Vonnida and John Doe, Plaintiff suffered

severe and permanent injuries and damages, including his femur bone being dislocated from his hip socket, bruises, contusions and abrasions; Plaintiff's body was rendered weak, stiff and sore, causing Plaintiff great pain, anguish, fear and emotional distress. Additionally, Plaintiff has suffered special damages in the form of medical expenses, economic damages, loss of wages and will suffer additional special damages in the future in amounts which have not yet been determined.

51.    The acts of Defendants Cody, Major, Shelton, Vonnida, Nicholey, Miller and John Doe were intentional, wanton, malicious, oppressive, and deliberately indifferent to the rights of others thus entitling Plaintiff to an award of punitive damages against said Defendants in their individual capacities.

52.    If Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 and pursuant to 42 U.S.C. §1983 and §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Major, Cody, Shelton, Vonnida, Nicholey, Miller and John Doe, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00) and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

### Count III – FAILURE TO INTERCEDE
**(Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller and John Doe in their individual capacities)**

53.    Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54.    Defendants Major, Cody, Shelton, Vonnida and John Doe were working approved secondary employment and struck Plaintiff Blount with their hands and/or batons

16

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

while as working secondary employment but at some point as commissioned law enforcement officers. Once Plaintiff Blount was handcuffed, Defendant Major struck Plaintiff Blount in the eye. An ambulance was called and while in transport from the scene to St. Louis University Hospital, a commissioned law enforcement officer, John Doe, punched Petitioner Blount in the stomach.

55. An ambulance was called and while in transport from the scene to St. Louis University Hospital, Defendant Zachary Nicholay, DSN 7568 and/or Defendant Matthew Miller, DSN 7437 and Defendant officers assaulted and battered and/or used a excessive use of force that a reasonable officer faced with the same or similar circumstances without the benefit of hindsight would not have used such force against Plaintiff in violation of Plaintiff Blount's rights and/or United States Constitutional Rights including those rights provided in the 4th and/or 14th amendment when either Defendant Nicholay and/or Defendant Miller struck Plaintiff Blount in the ambulance.

56. Upon information and belief Defendant Albert Napier, DSN 4162 was a St. Louis City Police Department and at the time of the incident a Sergeant with said police department responded to the scene of the incident described herein at the premises of Defendant Lumiere Casino and as such was the highest ranking officer of the scene and he failed protect Plaintiff Blount at and while Plaintiff Blount was transported Saint Louis University Hospital from other officers and further failed to protect Plaintiff Blount from the tortious and/or violation of his United States Constitutional rights when Plaintiff Blount to the effect was instructed not reveal and/or complain of the any of those that participated in assault and battery and/or false arrest and/or imprisonment of Plaintiff Blount.

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

57.    Each and every Defendant ignored Plaintiff's cries for help and continued striking Plaintiff.

58.    Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Napier and John Doe knew that the force used was unreasonable in light of the circumstances in that it was clearly in excess of the force required to subdue the Plaintiff that a reasonable officer would use in the same or similar circumstances without the benefit of hindsight.

59.    Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Napier and John Doe had numerous opportunities to intercede on behalf of Plaintiff and prevent each other from subjecting Plaintiff to the use of excessive force and unlawful and unreasonable seizure of his person in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

60.    None of the Defendants in this case stopped to intercede on behalf of Plaintiff and to the extent that any Defendant was acting as a on duty police officer at any point in the incident involving Plaintiff Blount described herein supra and infra said Defendant(s) are not to any official immunity.

61.    As a direct and proximate result of the intentional, malicious and outrageous conduct of Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Napier and John Doe and/or their respective deliberate indifference to the rights of others, Plaintiff suffered severe and permanent injuries, emotional distress and damages, including his femur bone being dislocated from his hip socket, bruises, contusions and abrasions; Plaintiff's body was rendered weak, stiff and sore, causing Plaintiff great pain, anguish, emotional distress and fear. Additionally, Plaintiff has suffered special damages in the form of medical expenses,

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

economic damages, loss of wages and will suffer additional special damages in the future in amounts which have not yet been determined.

62.     The acts of Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Napier and John Doe were intentional, wanton, malicious, oppressive, and deliberately indifferent to the rights of others thus entitling Plaintiff to an award of punitive damages against said Defendants in their individual capacities.

63.     If Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 and 42 U.S.C. §1983 and §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Napier and John Doe, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00) and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

### Count IV – SUPERVISORY LIABILITY COGNIZABLE UNDER 42 U.S.C. §1983
### (Against Defendant Chief Dotson in his individual capacity)

64.     Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 63 of this Complaint as though fully set forth herein.

65.     Upon information and belief Defendant Chief Dotson has served as Chief of Police for the Metropolitan Police Department of the City of St. Louis from December 14th, 2012 through the present date.

66.     Defendant Chief Dotson was responsible for the training, instruction, supervision, discipline and control of Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Napier and John Doe and the other officers of the St. Louis Police Department.

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

67.     Defendant Chief Dotson as the Chief of Police knew or in the exercise of due diligence should have known that the approved secondary employment with Defendant Hudson Services and/or Defendant Lumiere Casino was likely to violate the rights of individuals and that commissioned law enforcement officers when on approved secondary employment should not be permitted to write police reports and that incidents involving use of force by commissioned law enforcement officers whether on secondary employment and/or on duty as a commissioned law enforcement officer in the scope of his/her respective scope of duties should write a use of force report and when it is determined that officers of the St. Louis City Police Department commit excessive use of force against a civilian that proper investigations should be instituted and that there is a danger of cover up of incidents and failure to report as what happened in the instant case and that the conduct of Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Napier John Doe and the supervisors who approved the redacted police report identified as Exhibit 1 and incorporated herein as displayed towards Plaintiff in this incident was likely to occur.

68.     Defendant Dotson acting within the scope and course of his employment, failed to take any preventative or remedial measures, including but not limited to disciplinary actions and training with respect to the proper use of police force, to guard against the conduct of Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller and John Doe, which is more fully set forth and described herein and had Defendant Chief Dotson taken such measures, Plaintiff would not have suffered the deprivation of his rights, injuries and damages.  Defendant is not entitled to any official immunity for any of Defendant(s) actions pled infra and supra herein and if Plaintiff prevails, he is entitled to an award of attorneys'

fees and costs pursuant to R.S.Mo. §536.087 he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 and 42 U.S.C. §1983 and §1988.

69.    The failure of Defendant Chief Dotson to take such measures amounted to gross negligence, deliberate indifference and/or tacit authorization of the offensive conduct and practices which directly caused the constitutional deprivations suffered by Plaintiff.

70.    Defendant Chief Dotson failed to train, instruct, supervise, and discipline Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller and John Doe and said failure caused Plaintiff's damages.

71.    The acts of Defendant Chief Dotson were intentional, wanton, malicious and oppressive and/or deliberately indifferent to the rights of others thus entitling Plaintiff to an award of punitive damages against said Defendant in his individual capacity.

72.    Plaintiff Blount as a result of the injuries suffered as a direct result physical injuries, emotional distress, pain and suffering, medical bills, pecuniary damages, and economic losses, loss of wages by Defendants described supra and infra herein including suffering severe and permanent injuries and damages, including his femur bone being dislocated from his hip socket, bruises, contusions and abrasions; Plaintiff's body was rendered weak, stiff and sore, causing Plaintiff great pain, anguish and fear. Additionally, Plaintiff has suffered special damages in the form of medical expenses and will suffer additional special damages in the future in amounts which have not yet been determined.

WHEREFORE, Plaintiff prays for judgment against Defendant Chief Dotson for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00) and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

## Count V – FAILURE TO INSTRUCT, SUPERVISE AND CONTROL OFFICERS COGNIZABLE UNDER 42 U.S.C. §1983
### (Against Defendant City of St. Louis, St. Louis Board of Police Commissioners and Metropolitan Police Department of the City of St. Louis)

73.     Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74.     At all times relevant to this Compliant, Defendants John Doe #1, #2, #3, and #4 were acting as agents and employees of the St. Louis Police Department, which, in turn, is an instrumentality of the City of St. Louis and the St. Louis Board of Police Commissioners.

75.     Upon information and belief, the City of St. Louis, the St. Louis Board of Police and the Metropolitan Police Department of the City of St. Louis may have received concerning one or more of named Defendants previous complaints about the conduct of Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Napier and John Doe and the commissioned law enforcement supervisors identified in Exhibit 1 incorporated herein as if fully stated and/or other officers of the St. Louis Police Department. regarding, among other things, their use of excessive or unreasonable force against other citizens, or in the exercise of due diligence should have perceived that Defendants Major, Cody, Shelton, Vonnida and John Doe and/or other officers of the St. Louis P.D. had conduct and disciplinary problems that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff. Further, that despite rules concerning reporting requirements for the use of force by its officers that there was a deliberate indifference to the objective reporting of use of force incidents by its officers and in particular Defendant officers even when its supervisors knew or should have known that a use of force between its officers and a citizen has occurred like the instant case.

76.     Despite having knowledge of such complaints, the City of St. Louis and the St. Louis Board of Police Commissioners did nothing to discipline Defendants Major, Cody, Shelton, Vonnida and John Doe and/or other officers of the St. Police Department for such conduct, thus evidencing an unwritten policy on the part of said Defendants tacitly authorizing or approving conduct that was in violation of their citizens' constitutional and statutory rights as guaranteed by the United States Constitution and Federal and Missouri law.

77.     Nor did said Defendants, upon noticing a pattern and practice of such conduct among its police officers, do anything to institute new and/or additional training programs for such officers in the performance of their duties.

78.     Said Defendants' failure to implement new and/or additional programs in light of their knowledge of the pattern and practices of its officers, rendered whatever training programs they had in place, if any, constitutionally deficient.

79.     The City of St. Louis and the St. Louis Board of Police Commissioners' failure to discipline and control their officers, despite knowledge of their unlawful pattern and practices, amounted to deliberate indifference to the rights of their citizens to be free from the use of unreasonable force with respect to lawful and/or unlawful arrests.  It further shows a conscious disregard for their citizens' other rights as guaranteed by the United States Constitution, federal law and the laws of the State of Missouri.

80.     Such deliberate indifference is tantamount to a tacit authorization of Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Napier and John Doe and other supervisors who reviewed and approved Exhibit 1 attached hereto and incorporated herein as if fully stated, actions with respect to Plaintiff and was a proximate cause of the

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

injuries suffered by Plaintiff; and Defendants are not entitled to sovereign immunity provided under §537.600 RSMo, has waived its sovereign immunity or otherwise has no sovereign immunity for any United States Constitutional violation claim pursuant to 42 U.S.C. §1983 and §1988 and none of its agents are entitled to any official immunity for any of Defendant(s) actions pled infra and supra herein and if Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 and 42 U.S.C. §1983 and §1988.

81.    Defendants' failure to institute new and/or additional training programs despite knowledge of their officers' unlawful pattern and practices amounted to deliberate indifference to the rights of their citizens to be free from the use of unreasonable force with respect to lawful and/or unlawful arrests.  It further shows a conscious disregard for their citizens' other rights as guaranteed by the United States Constitution, federal law and the laws of the State of Missouri.

82.    Such deliberate indifference is tantamount  to a tacit approval that their training programs, if any, were deficient to prevent the type of harm that was suffered by Plaintiff.

83.    Plaintiff's injuries were a proximate result of the Defendants' failure to train their officers adequately in how to protect their citizens' civil rights, most notably, a citizen's right to be free from the excessive use of force in effecting a lawful or unlawful arrest as well as pain and suffering, mental anguish, emotional distress, personal injuries, pecuniary damages, loss of wages, medical bills, and other economic damages.

84.    If Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 and 42 U.S.C. §1983 and §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants the City of St. Louis, the St. Louis Board of Police Commissioners and Metropolitan Police Department of the City of St. Louis, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00) plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

**Count VI – ASSAULT AND BATTERY**
**(Against Defendants Major, Cody, Shelton, Vonnida, Harmon and John Doe in their individual and official capacities)**

85.     Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 84 of this Complaint as though fully set forth herein.

86.     Defendants Major, Cody, Shelton, Vonnida, Harmon and John Doe used more force than was reasonably necessary on Plaintiff, and in doing so, their actions amounted to contact that a reasonable person would find offensive and an assault and battery under Missouri law.

87.     To the extent that any Defendant commissioned law enforcement officer on approved secondary employment and/or on secondary employment but then activated as a on duty police offices no such Defendant law enforcement officer is entitled to any official immunity for any of Defendant(s) actions pled infra and supra herein and if Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 and 42 U.S.C. §1983 and §1988.

88.     Upon information and belief Matthew Harmon was a licensed security guard who assisted other secondary employment law enforcement Defendants who upon information and belief were agents for Defendants Lumiere Casino and/or Hudson Services

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

at the time of incident involving force being utilized by Defendants against Plaintiff Blount described infra and supra herein.

89.    As a result of Defendants' assault and battery, Plaintiff sustained damages.

90.    Defendants acted intentionally, willfully and maliciously when they used excessive force in subduing Plaintiff.

91.    As a proximate result of Defendants' assault and battery, Plaintiff sustained damages physical injuries, emotional distress, pain and suffering, medical bills, pecuniary damages, and economic losses by Defendants described supra and infra herein including suffering severe and permanent injuries and damages, including his femur bone being dislocated from his hip socket, bruises, contusions and abrasions; Plaintiff's body was rendered weak, stiff and sore, causing Plaintiff great pain, anguish, emotional distress and fear. Additionally, Plaintiff has suffered special damages in the form of medical expenses, pecuniary damages, loss of wages, economic loss and will suffer additional special damages in the future in amounts which have not yet been determined.

WHEREFORE, Plaintiff prays for judgment against Defendants Major, Cody, Shelton, Vonnida, Harmon and John Doe, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00) and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

### Count VII– ASSAULT AND BATTERY
**(Against Defendants  Metropolitan Police Department of the City of St. Louis, City of St. Louis and the St. Louis Board of Police Commissioners)**

92.    Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 91 of this Complaint as though fully set forth herein.

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

93.    Defendants Major, Cody, Shelton, Vonnida and John Doe were acting within the scope of their employment when they used excessive force to subdue Plaintiff. Such excessive force amounted to an assault and battery in that said Defendants used more force than was necessary to subdue Plaintiff.

94.    At the time of the assault and battery, Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller and John Doe were ostensibly acting to benefit their employers' policing functions.

95.    Defendants Metropolitan Police Department of the City of St. Louis, City of St. Louis and the St. Louis Board of Police Commissioners are therefore liable for the actions of their officers under their control. Defendants are not entitled to sovereign immunity provided under §537.600 RSMo, has waived its sovereign immunity or otherwise has no sovereign immunity for any United States Constitutional violation claim pursuant to 42 U.S.C. §1983 and §1988 and none of its agents are entitled to any official immunity for any of Defendant(s) actions pled infra and supra herein and if Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 and 42 U.S.C. §1983 and §1988.

96.    As a proximate result of Defendants' assault and battery, Plaintiff sustained damages physical injuries, emotional distress, pain and suffering, medical bills, pecuniary damages, and economic losses by Defendants described supra and infra herein including suffering severe and permanent injuries and damages, including his femur bone being dislocated from his hip socket, bruises, contusions and abrasions; Plaintiff's body was rendered weak, stiff and sore, causing Plaintiff great pain, anguish, emotional distress and fear. Additionally, Plaintiff has suffered special damages in the form of medical expenses,

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

pecuniary damages, loss of wages, economic damages and will suffer additional special damages in the future in amounts which have not yet been determined.

WHEREFORE, Plaintiff prays for judgment against Defendants Metropolitan Police Department of the City of St. Louis, City of St. Louis and the St. Louis Board of Police Commissioners, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00) and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

### Count VIII – FALSE IMPRISONMENT
**(Against Defendants Major, Cody, Shelton, Vonnida and John Doe in their individual capacities)**

97.   Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 96 of this Complaint as though fully set forth herein.

98.   Defendants falsely imprisoned Plaintiff Blount without good cause and became aware that they falsely imprisoned Plaintiff Blount upon information that was obtained by Gaming Officials and/or security officials of Defendant Lumiere Casino who reviewed video confirming that Plaintiff Blount was not an aggressor to any other Defendant Lumiere Casino invitees but actually the victim of an assault he received at the hands of Lumiere invitee.

99.   At all relevant times defendants knew or should have known that there was no good cause to refuse to release Plaintiff Blount without conditions and/or threats of unlawful arrest.

100.   Plaintiff incorporates exhibit 1 being a true and accurate copy of a Police Report applicable to the instant case that was improperly redacted as to information

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

pertaining to the instant case in violation of defendants duties towards Plaintiff and Plaintiffs rights.

101.    While Plaintiff was receiving medical care upon information and belief John Doe police officer received information from the Missouri Gaming Commission agents who upon information and belief were at all relevant times commissioned law enforcement officers of the Missouri Highway Patrol at Lumiere Casino that Plaintiff Blount was at all relevant times the victim of an assault as opposed to an aggressor and Defendants knew or should have known at all relevant times Plaintiff was being falsely imprisoned and said John Doe communicated to Plaintiff to the effect that if Plaintiff Blount agrees that Blount will get out of town and not say anything about the incident that Plaintiff Blount would not be charged with false crimes against Defendant police officers and said communication constitutes coercion and violation of Plaintiffs Federally substantive due process rights protected rights under the 14th Amendment of the United States Constitution and was otherwise in violate of Plaintiffs rights and Defendants duties towards Plaintiff.

102.    Plaintiff Blount as a direct result incurred as a proximate result of Defendants false imprisonment an assault and battery, physical injuries, pain and suffering, fear, emotional distress and other special damages, including being left with medical bills while Plaintiff Blount was under the false imprisonment and/or custody of Defendant's.

103.    The above actions described infra and supra by defendants were done with deliberate indifference to rights of others including the rights of Plaintiff warranting punitive damages against Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants Major, Cody, Shelton, Vonnida, Harmon and John Doe jointly and severally, for compensatory damages in

an amount in excess of twenty-five thousand dollars ($25,000.00) and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

### Count IX– ASSAULT AND BATTERY
**(Against Defendant Hudson Services and Defendant(s) Lumiere Casino)**

104.    Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 103 of this Complaint as though fully set forth herein.

105.    Defendants Major, Cody, Shelton, Vonnida and John Doe were acting within the scope of their employment of Defendant Hudson Services and/or William Hudson doing business as Hudson Services and/or Defendant Lumiere Casino when they had no right to subdue and physically strike in any manner and commit a assault and battery upon Plaintiff Blount and otherwise used excessive force to subdue Plaintiff. Such excessive force amounted to an assault and battery in that said Defendants used more force than was necessary to subdue Plaintiff

106.    At the time of the assault and battery, Defendants Major, Cody, Shelton, Vonnida and John Doe were ostensibly acting to benefit their employers' security functions.

107.    Defendants Lumiere Casino and/or Hudson Services as employers of Defendant security agents including Defendants Major, Cody, Shelton, Vonnida and John Doe are therefore liable for the actions of their officers under the doctrine of Master/Servant and respondent superior.

108.    Defendants Lumiere Casino and/or Hudson Services as employers of Defendant security agents including Defendants Major, Cody, Shelton, Vonnida and John Doe failed to properly supervise and/or train its agents as to the protection and welfare of its invitees.

30

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

109.    As a proximate result of Defendants' assault and battery, Plaintiff sustained damages physical injuries, emotional distress, pain and suffering, medical bills, pecuniary damages, and economic losses by Defendants described supra and infra herein including suffering severe and permanent injuries and damages, including his femur bone being dislocated from his hip socket, bruises, contusions and abrasions; Plaintiff's body was rendered weak, stiff and sore, causing Plaintiff great pain, anguish, emotional distress and fear. Additionally, Plaintiff has suffered special damages in the form of medical expenses, pecuniary damages, loss of wages, economic losses and will suffer additional special damages in the future in amounts which have not yet been determined.

WHEREFORE, Plaintiff prays for judgment against Defendants Lumiere Casino and Hudson Services, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00) and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

**Count X – FALSE IMPRISONMENT**
**(Against Defendants Major, Cody, Shelton, Vonnida and John Doe in their individual capacities and in their official capacity as agents of Defendant Hudson Services and Defendant Lumiere Casino)**

110.    Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 109 of this Complaint as though fully set forth herein.

111.    Defendant security agents including Defendant Major, Cody, Shelton, Vonnida and John Doe as agents of Defendant Hudson Services and/or William Hudson doing business as Hudson Services and Defendant Lumiere Casino falsely imprisoned Plaintiff Blount without good cause and became aware that they falsely imprisoned Plaintiff Blount upon information that was obtained by Gaming Officials and/or security officials of Defendant Lumiere Casino who reviewed video confirming that Plaintiff Blount was not an

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

aggressor to any other Defendant Lumiere Casino invitees but actually the victim of an assault he received at the hands of Lumiere invitee.

112.    At all relevant times defendants knew or should have known that there was no good cause to refuse to release Plaintiff Blount without conditions.

113.    Plaintiff incorporates exhibit 1 being a true and accurate copy of a Police Report applicable to the instant case.

114.    Plaintiff a direct result incurred as a proximate result of Defendants false imprisonment an assault and battery, physical injuries, pain and suffering, fear, emotional distress, pecuniary damages, loss of wages, economic damages and other special damages.

115.    The above actions described infra and supra by defendants were done with deliberate indifference to rights of others including the rights of Plaintiff warranting punitive damages against Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants Major, Cody, Shelton, Vonnida and John Doe, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00) and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

### Count XI – FALSE IMPRISONMENT
**(Against Defendant Defendants  Metropolitan Police Department of the City of St. Louis, City of St. Louis and the St. Louis Board of Police Commissioners for their agents Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller and John Doe)**

116.    Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 115 of this Complaint as though fully set forth herein.

117.    Defendants  Metropolitan Police Department of the City of St. Louis, City of St. Louis and the St. Louis Board of Police Commissioners agents including Defendant

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Major, Cody, Shelton, Vonnida, Nicolay, Miller and John Doe as agents of Metropolitan Police Department of the City of St. Louis, City of St. Louis and the St. Louis Board of Police Commissioners falsely imprisoned Plaintiff Blount without good cause and Plaintiff Blount incurred physical and emotional injuries while on the property of Defendant Lumiere, the ambulance from Defendant Lumiere Casino to St. Louis University Hospital and at St. Louis University Hospital and Defendants knew or should have known and otherwise became aware that Defendants falsely imprisoned Plaintiff Blount upon information that was obtained by Gaming Officials and/or security officials of Defendant Lumiere Casino who reviewed video confirming that Plaintiff Blount was not an aggressor to any other Defendant Lumiere Casino invitees but actually the victim of an assault he received at the hands of Lumiere invitee and Defendant Lumiere security agents with Defendant Lumiere who at all relevant times was the Invitor and there were no reasonable grounds to detain, retain, and falsely imprison Plaintiff Blount.

118.    At all relevant times Defendants Metropolitan Police Department of the City of St. Louis, City of St. Louis and/or the St. Louis Board of Police Commissioners were master and its agents as servants including named defendants knew or should have known that there was no good cause detain, restrain, assault, batter and/or to refuse to release Plaintiff Blount without conditions.

119.    Plaintiff incorporates exhibit 1 being a true and accurate copy of a Police Report applicable to the instant case.

120.    Defendants are not entitled to sovereign immunity provided under §537.600 RSMo, has waived its sovereign immunity or otherwise has no sovereign immunity for any United States Constitutional violation claim pursuant to 42 U.S.C. §1983 and §1988 and

none of its agents are entitled to any official immunity for any of Defendant(s) actions pled infra and supra herein and if Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 he is entitled to an award of attorneys' fees and costs pursuant to R.S.Mo. §536.087 and 42 U.S.C. §1983 and §1988.

121.    Plaintiff incurred significant physical injuries described herein this petition, pain and suffering, emotional distress, medical bills, pecuniary damages, loss of wages, economic damages and injuries as a direct result of Defendants actions.

122.    The above actions described infra and supra by defendants were done with deliberate indifference to rights of others including the rights of Plaintiff warranting punitive damages against Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants Lumiere Casino and Defendant Hudson Services, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00) and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

### Count XI – DANGEROUS CONDITION OF PROPERTY
**(Dangerous Condition of Property Against Defendant Lumiere Casino)**

123.    Plaintiff herein incorporates by reference each and every allegation set forth in paragraphs 1 through 122 of this Complaint as though fully set forth herein.

124.    Plaintiff was a invitee of Defendant(s) Lumiere Casino.

125.    Defendant Lumiere Casino owes and has a duty to Plaintiff to reasonably provide a safe condition of property and provide security to protect invitees from danger.

126.    Defendant Lumiere Casino failed to protect Plaintiff Blount from other invitees and Defendant Lumiere agents and Defendant Lumiere breached its duty when

Electronically Filed - City of St. Louis - January 06, 2015 - 03:15 PM

Plaintiff Blount was the victim of a assault and battery by another invitee of Defendant Lumiere Casino and by Defendant Lumiere's security agents who either assaulted, battered, unlawfully detained, unlawfully restrained, and/or failed to protect Plaintiff Blount.

127.    Defendant Lumiere Casino security agents then further committed assault and battery upon Plaintiff Blount.

128.    Defendant Lumiere Casino by and through its agents caused Plaintiff Blount severe physical injuries, emotional distress, pain and suffering and medical bills.

129.    At all relevant times Defendant Lumiere Casino knew or should have known that there was no good cause to assault, batter, restrain, detain, and fail to intervene to protect Plaintiff Blount from other Defendant Lumiere Casino's security agents and/or law enforcement.

130.    Plaintiff incorporates exhibit 1 being a true and accurate copy of a Police Report applicable to the instant case.

131.    The above actions described infra and supra by defendants were done with deliberate indifference to rights of others including the rights of Plaintiff warranting punitive damages against Defendants.

132.    As a proximate result of Defendant Lumiere Casino dangerous condition of property by failure to provide reasonable safe conditions for Plaintiff as a invitee who incurred several assaults and battery described supra herein, Plaintiff sustained damages physical injuries, emotional distress, pain and suffering, medical bills, pecuniary damages, and economic losses by Defendants described supra and infra herein including suffering severe and permanent injuries and damages, including his femur bone being dislocated from his hip socket, bruises, contusions and abrasions; Plaintiff's body was rendered weak, stiff

and sore, causing Plaintiff great pain, anguish and fear. Additionally, Plaintiff has suffered special damages in the form of medical expenses, economic damages, loss of wages, and pecuniary damages and will suffer additional special damages in the future in amounts which have not yet been determined.

WHEREFORE, Plaintiff prays for judgment against Defendants Lumiere Casino and Defendant Hudson Services, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00) and for punitive damages, plus costs of this action, attorneys' fees and such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Douglas B. Rudman
Douglas B. Rudman, #41195
Rudman & Smith, LLC
2611 South Big Bend Blvd.
St. Louis, Missouri 63143
(314) 645.7246
(314) 645.4156 fax