IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *JAMES P. BLOUNT,* | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:15-cv-00322-DDN ) |
| *KEITH S. MAJOR, NICHOLAS R. SHELTON, ERICH J. VONNIDA, EZELL T. CODY, JR., ZACHARY NICHOLAY, MATTHEW MILLER, ALBERT NAPIER, JOHN DOE, HBS, CO., CASINO ONE CORPORATION, MATTHEW HARMON.* | ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT ERICH J. VONNIDA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW defendant Erich J. VonNida, by and through defendant's undersigned counsel of record, and for defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

1. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1, and therefore denies same and demands plaintiff put on strict proof thereof.

2. Denied.

3. Denied.

4. Denied.

6072835.2

5. Defendant admits HBS, Co. is a duly registered Missouri corporation. Except as expressly admitted herein, defendant denies the allegations contained in Paragraph 5 and demands plaintiff put on strict proof thereof.

6. The allegations contained in Paragraph 6 call for legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained in Paragraph 6.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

## 42 U.S.C §§ 1983 and 1988, Constitution of the United States of America and Common Law of the State of Missouri

15. Paragraph 15 contains statements of law to which no response is required. To the extent a response is required, defendant states that defendant is not liable for plaintiff's alleged damages and that plaintiff is not entitled to any damages.

## Jurisdiction

16. Paragraph 16 contains statements of law to which no response is required. To the extent a response is required, defendant states that defendant is not liable for plaintiff's alleged damages and that plaintiff is not entitled to any damages.

6072835.2

### Venue

17. Defendant admits this matter was properly removed to the United States District Court for the Eastern District of Missouri. Except as expressly admitted herein, defendant denies the allegations contained in Paragraph 17.

### Jury

18. No allegation is made in Paragraph 18, but defendant states that defendant likewise demands a trial by jury.

### Facts Common to All Counts

19. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies same and demands plaintiff put on strict proof thereof.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

6072835.2

30. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30, and therefore denies same and demands plaintiff put on strict proof thereof.

31. Denied.

32. Denied.

33. Paragraph 33 contains statements of law to which no response is required. To the extent a response is required, defendant states that defendant is not liable for plaintiff's alleged damages and that plaintiff is not entitled to any damages.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. The allegations contained in Paragraph 54 call for a legal conclusion to which no response is required. To the extent a response is required, defendant denies the allegations and further states that defendant is not liable in this matter.

55. The allegations contained in Paragraph 55 call for a legal conclusion to which no response is required. To the extent a response is required, defendant denies the allegations and further states that defendant is not liable in this matter.

56. The allegations contained in Paragraph 56 call for a legal conclusion to which no response is required. To the extent a response is required, defendant denies the allegations and further states that defendant is not liable in this matter.

57. The allegations contained in Paragraph 57 call for a legal conclusion to which no response is required. To the extent a response is required, defendant denies the allegations and further states that defendant is not liable in this matter.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

**Count I – EXCESSIVE FORCE (VIOLATION OF FOURTH AMENDMENT)**
**(Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, and John Doe in their individual and official capacities)**

62. Defendant incorporates by reference herein defendant's answers to Paragraphs 1 through 61 of plaintiff's First Amended Complaint as if more fully set forth herein in response to Paragraph 62.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

**Count II - EXCESSIVE FORCE (VIOLATION OF THE 14th AMENDMENT OF THE UNITED STATES CONSTITUTION; SUBSTANTIVE DUE PROCESS VIOLATION)**
**(Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, and John Doe in their individual and official capacities)**

71. Defendant incorporates by reference herein defendant's answers to Paragraphs 1 through 70 of plaintiff's First Complaint as if more fully set forth herein in response to Paragraph 71.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

6072835.2

76. Denied.

77. Denied.

78. Denied.

79. Denied.

**Count III – FAILURE TO INTERCEDE (VIOLATION OF THE FOURTEENTH AND FOURTH AMENDMENT)**
**(Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, and John Doe in their individual and official capacities)**

80. Defendant incorporates by reference herein defendant's answers to Paragraphs 1 through 79 of plaintiff's First Amended Complaint as if more fully set forth herein in response to Paragraph 80.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

**Count IV – ASSAULT AND BATTERY**
**(Against Defendants Major, Cody, Shelton, Vonnida, Harmon, Nicholay, Miller and John Doe in their individual and official capacities pursuant to Missouri law and R.S.Mo. 516.140)**

91. Defendant incorporates by reference herein defendant's answers to Paragraphs 1 through 90 of plaintiff's First Amended Complaint as if more fully set forth herein in response to Paragraph 91.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

**Count V – FALSE IMPRISONMENT**
**(Against Defendants Major, Cody, Shelton, Vonnida, Harmon, Nicholay, Miller and John Doe in their individual and official capacities pursuant to Missouri law and R.S.Mo. 516.140)**

98. Defendant incorporates by reference herein defendant's answers to Paragraphs 1 through 97 of plaintiff's First Amended Complaint as if more fully set forth herein in response to Paragraph 98.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. The allegations contained in Paragraph 105 call for a legal conclusion to which no response is required. To the extent a response is required, defendant denies defendant is liable in this matter.

106. Denied.

107. Denied.

108. Denied.

## Count VI – ASSAULT AND BATTERY
**(Against Defendant Hudson Services and Defendant Casino pursuant to Missouri law including the doctrine of *Respondeat Superior* and R.S.Mo. 516.140)**

109-115. The allegations contained in Count VI are not directed against this defendant so no response is required. To the extent any of the allegations contained in Count VI are directed against this defendant they are hereby expressly denied.

## Count VII – FALSE IMPRISONMENT & INJURIOUS FALSEHOOD
**(Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller and John Doe in their individual capacities and in their individual and official capacity as agents of Defendant Hudson Services and Defendant Casino)**

116. Defendant incorporates by reference herein defendant's answers to Paragraphs 1 through 115 of plaintiff's First Amended Complaint as if more fully set forth herein in response to Paragraph 116.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

9

6072835.2

123. The allegations contained in Paragraph 123 call for a legal conclusion to which no response is required. To the extent a response is required, defendant denies defendant is liable in this matter.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

## Count VIII – DANGEROUS CONDITION OF PROPERTY
**(Dangerous Condition of Property Against Defendant Casino pursuant to Missouri law and R.S.Mo. 516.120)**

129-138. The allegations contained in Count VIII are not directed against this defendant so no response is required. To the extent any of the allegations contained in Count VIII are directed against this defendant they are hereby expressly denied.

## Count IX – VIOLATION OF PLAINTIFF BLOUNT'S FIRST AMENDMENT RIGHTS TO ACCESS THE COURTS AND/OR PETITION THE GOVERNMENT
**(Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Napier and John Doe in their individual capacities and official capacities)**

139. Defendant incorporates by reference herein defendant's answers to Paragraphs 1 through 138 of plaintiff's First Amended Complaint as if more fully set forth herein in response to Paragraph 139.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

WHEREFORE defendant Erich J. VonNida, respectfully requests this Honorable Court dismisses plaintiff's First Amended Complaint with prejudice, for defendant's costs incurred herein, and for such other and further relief this Court deems just and proper under the circumstances.

## JURY DEMAND

Defendant demands that in the event the pending cause is not disposed of prior to trial that defendant be accorded the right to trial by jury on all issues triable by a jury.

## AFFIRMATIVE DEFENSES

1. Defendant has official immunity from liability, damages, and suit for any claim of relief that may be stated in the Complaint.

2. Defendant is protected from liability and suit by sovereign immunity.

3. Defendant is protected from liability, damages, and suit by the public duty doctrine.

4. By way of further answer and as an affirmative defense, should a judgment be entered against this defendant, defendant prays for a determination and apportionment of fault between defendants and other persons and/or entities who may or may not be parties at the time this cause is submitted to a jury or trier who caused or contributed to cause any injury as claimed by plaintiff in his First Amended Complaint, all in accordance with R.S.Mo. § 538.230.

5. Plaintiff's alleged injuries, if any, were proximately caused by an unforeseeable, independent, intervening, and/or superseding event(s) beyond the control of this defendant, and were unrelated to the conduct of this defendant.

6. Defendant expressly requests that plaintiff's claims be set-off or reduced pursuant to RSMo. § 537.060 in the event that plaintiff has previously settled and/or in the future settles any of his claims being asserted in this lawsuit against any other defendant, any other party (person or entity), any other joint tortfeasor (person or entity), or any other person or entity liable in tort for his damages, if any, arising out of the incident that is the subject of this litigation. Defendant further reserves the right to challenge any settlement on the basis that it was not made in good faith, is not reasonable or is otherwise not enforceable.

7. Plaintiff voluntarily assumed or exposed himself to a risk which he knew or, in the exercise of ordinary care, should have known existed.

8. Plaintiff's First Amended Complaint fails to state a cause of action or claim upon which relief may be granted.

9. By way of further answer and as an affirmative defense, defendant states that plaintiff is not entitled to attorney's fees in this matter.

10. Plaintiff's actions of failing to heed the directions and warnings of the subject individually named defendants constituted comparative fault, and any award for damages in this case should be reduced by the percentage of fault attributed to plaintiff.

11. For further answer and defense, defendant states that plaintiff's claim for aggravating circumstances and/or punitive damages violates defendant's United States and State of Missouri constitutional rights as follows:

a. Plaintiff's claims for punitive damages are unconstitutional and the laws establishing the standards for granting and assessing punitive damages are vague, ambiguous and arbitrary, thereby violating answering defendant's Constitutional right to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Missouri, Article I, Section 10, and that any law of the State of Missouri, whether enacted by the Missouri legislature or founded upon decisions of the Missouri courts, permitting plaintiffs to recover punitive damages is unconstitutional.

b. Plaintiff's claims for punitive damages are unconstitutional to the extent that plaintiff's First Amended Complaint seeks to punish answering defendant without protection of constitutional safeguards, including, but not limited to, proof beyond a reasonable doubt, the right to a speedy trial, the prohibitions against doubt jeopardy and excessive fines, the freedom from self-incrimination during the discovery process and trial which is guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State

of Missouri, Article I, Section 18(a), and Section 19, and that any law of the State of Missouri, whether enacted by the Missouri legislature or founded upon decisions of Missouri courts, permitting plaintiffs to recover punitive damages without protection of such safeguards is unconstitutional.

c. Unless answering defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate answering defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and by the Constitution of the State of Missouri, Article I, Section 10, and would be improper under the common law and public policies of the State of Missouri.

d. Plaintiff's claims for punitive damages against answering defendant cannot be sustained because an award of punitive damages under Missouri law, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate answering defendant's due process rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and the Constitution of the State of Missouri, Article I, Section 10, and would be improper under the common law and public policies of the State of Missouri.

e. Plaintiff's claims for punitive damages against answering defendant cannot be sustained because an award of punitive damages under Missouri law by a jury that (1) is not provided standard of sufficient clarity for determining the appropriateness, and the appropriate size of the punitive award; (2) is not adequately instructed on the

limits of punitive damages imposed by the applicable principles of deterrents and punishments; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of answering defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that are vague and arbitrary and do not define with sufficient clarity the conduct or mental state that make punitive damages permissible; and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate answering defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Missouri, Article I, Section 10, and Article I, Section 2, and would be improper under the common law and public policies of the State of Missouri.

f. Plaintiff's claims for punitive damages against answering defendant cannot be sustained because any law which awards a portion of any damage award to the state, such as provided in RSMo. §537.675, is unconstitutional as it would amount to a taking of defendant's property without due process of law and would violate answering Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution, and by the Constitution of the State of Missouri, Article I, Section 10 and Article I, Section 2.

g. Plaintiff's claims for punitive damages against answering defendant cannot be sustained because any award of punitive damages under Missouri law, without

bifurcating the trial and trying all punitive damages only if and after liability on the merits have been found, would violate its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Missouri, Article I, Section 10, and would be improper under the common law and public policies of the State of Missouri and under applicable rules of Court and statutes of the State of Missouri.

12. Defendant incorporates by reference each and every additional affirmative defense which may be uncovered or made known during the investigation and discovery in this case. Defendant specifically reserves the right to amend its answer to include affirmative defenses at the time they are discovered.

WHEREFORE defendant Erich J. VonNida, respectfully requests this Honorable Court dismisses plaintiff's First Amended Complaint with prejudice, for defendant's costs incurred herein, and for such other and further relief this Court deems just and proper under the circumstances.

6072835.2

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ David Z. Hoffman*
Stephen M. Strum, #37133MO
David Z. Hoffman, #55237MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
sstrum@sandbergphoenix.com
dhoffman@sandbergphoenix.com

*Attorneys for Defendants Keith S. Major, Nicholas R. Shelton, Erich J. VonNida, Ezell T. Cody, Jr., and HBS, Co.*

### Certificate of Service

I certify that on this 19th day of March, 2015, this document was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon the following counsel of record:

Douglas B. Rudman
Rudman & Smith, LLC
2611 South Big Bend Boulevard
St. Louis, Missouri 63143
doug@rudmansmithlaw.com

*Attorney for Plaintiff*

Philip Sholtz
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street
St. Louis, MO  63101
philip.sholtz@ago.mo.gov

*Attorney for Defendants
Zachary Nicholay, Matthew Miller and Albert Napier*

6072835.2

John H. Kilper
Scott Williams
Hazelwood & Weber LLC
200 N. Third Street
St. Charles, MO 63301
jkilper@hazelwoodweber.com
swilliams@hazelwoodweber.com

*Attorneys for Defendants Casino One and Matthew Harmon*


                                       */s/ David Z. Hoffman*