IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES P. BLOUNT,                          )
                                          )
        Plaintiff,                        )
                                          )
             vs.                          )        Cause No. 4:15-CV-00322-DDN
                                          )
CASINO ONE CORPORATION,                   )
A/K/A LUMIERE CASINO, et al.              )
                                          )
        Defendants.                       )

### DEFENDANT MATTHEW HARMON'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 41)

COMES NOW Defendant Matthew Harmon ("Defendant" or "Harmon"), by undersigned counsel, and for his Answer to Plaintiff's First Amended Complaint (Doc. 41) states as follows:

1.      Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies same.

2.      Defendant states the allegations of paragraph 2 are not directed to this Defendant, and include improper legal conclusions so that Harmon is not required to make a response thereto.  To the extent a response is required, Defendant lacks knowledge and denies on that basis.  However, this Defendant admits upon information and belief that Defendants Major, Cody, Shelton, and Vonnida were at relevant times duly commissioned law enforcement officers stationed from time to time on and near the property of Lumiere Place in St. Louis.          This Defendant lacks personal knowledge of further allegations of paragraph 2, and denies on that basis.

3.    Defendant states the allegations of paragraph 3 are not directed to this Defendant, so that no response is required from Harmon.  To the extent a response is required, Defendant lacks knowledge and denies on that basis.

4.    Defendant states the allegations of paragraph 4 are not directed to this Defendant, so that no response is required from Harmon.  To the extent a response is required, Defendant lacks knowledge and denies on that basis.

5.    Defendant Harmon lacks sufficient knowledge, information, and belief to respond on behalf of Defendant HBS ("Hudson Services"), but denies that Harmon was employed by Hudson Services.  This Defendant lacks sufficient personal knowledge, information, and belief either to admit or deny the remaining allegations of paragraph 5, and therefore denies them.

6.    Defendant Harmon states that paragraph 6 improperly contains multiple allegations, encompassing at most a full page of text and is improper in form so that this Defendant is not able to respond.  However, the allegations of paragraph 6 do not appear to be directed to this Defendant, and he further lacks sufficient personal knowledge, information, or belief either to admit or deny said allegations.  To the extent a response is required, this Defendant denies the allegations of paragraph 6.

7.    Defendant Harmon admits that he was at all relevant times employed by Casino One Corporation, d/b/a Lumiere Place Casino and Hotels.  Defendant admits that he provided proper assistance to uniformed law enforcement officers, as directed by said officers, but denies any assault and battery or other tort, negligence, or wrongdoing with respect to Plaintiff Blount, or any participation in any alleged wrongful activity, demanding strict proof thereof.

8.    Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies same.

9.      Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies same.

10.      Defendant Harmon states that the allegations in paragraph 10 do not appear to be directed to Defendant Harmon.  However, to the extent that any of the allegations of paragraph 10 are directed to Defendant Harmon, they are denied and Defendant demands strict proof of same.

11.      Defendant Harmon states that the allegations in paragraph 11 do not appear to be directed to Defendant Harmon, such that he is not required to make any response thereto.  To the extent a response is required, Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore denies same.

12.      Defendant Harmon states that the allegations in paragraph 12 include improper legal conclusions so that Harmon is not required to make a response thereto.  To the extent a response is required, Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore denies same.

13.      Defendant Harmon states that the allegations of paragraph 13 do not appear to be directed to this Defendant, and include improper legal conclusions so that Harmon is not required to make a response thereto.  To the extent a response is required, Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies same.

14.      Defendant Harmon states that the allegations of paragraph 14 do not appear to be directed to this Defendant, and include improper legal conclusions so that Harmon is not

required to make a response thereto.  To the extent a response is required, Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies same.

### 42 U.S.C. §§1993 and 1988, Constitution of the United States of America and Common Law of the State of Missouri

15.    Defendant Harmon neither admits nor denies the allegations contained in paragraph 15 as they constitute legal conclusions of Plaintiff.  To the extent a response is required, the Defendant denies the allegations.

### Jurisdiction

16.    Defendant Harmon neither admits nor denies the allegations contained in paragraph 16 as they constitute legal conclusions of Plaintiff.  To the extent a response is required, the Defendant denies the allegations.

### Venue

17.    Defendant Harmon neither admits nor denies the allegations contained in paragraph 17 as they constitute legal conclusions of Plaintiff.  To the extent a response is required, the Defendant denies the allegations.

### Jury

18.    Defendant Harmon neither admits nor denies the allegations contained in paragraph 18 as they constitute legal conclusions of Plaintiff.  To the extent a response is required, the Defendant denies the allegations.

### Facts Common To All Counts

19.    Defendant Harmon admits that Lumiere Place Casino and Hotels ("Lumiere Casino") is located in the City of St. Louis, Missouri.  Harmon denies all remaining allegations in Paragraph 19 not specifically admitted herein.

4

20.     Defendant Harmon denies the allegations of paragraph 20, and demands strict proof thereof.

21.     Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, other than concerning the relationship between the officers of the St. Louis Police Department and Hudson Services, and further denies all allegations of paragraph 21 not specifically admitted.

22.     Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and states that the allegations of paragraph 22 are improperly compounded, vague, and appear to be directed to another Defendant.  However, to the extent that any of the allegations in paragraph 22 relate in any way to Defendant Harmon, they are denied and strict proof of same is demanded.

23.     Defendant Harmon states that the allegations of paragraph 23 appear to be directed to a Defendant other than Harmon.  However, upon information and belief, Harmon admits Plaintiff was arrested under the authority of one or more police officers.  Defendant further denies all allegations of paragraph 23 not specifically admitted, and demands strict proof of any averments directed to this Defendant.

24.     Defendant Harmon denies the allegations contained in paragraph 24.

25.     Defendant Harmon states that the allegations of paragraph 25 appear to be directed to Defendants other than Harmon, such that a response is not required from Harmon.  To the extent that any averment of paragraph 25 is directed to this Defendant, or a response is required from Harmon, the allegations in paragraph 25 are denied and strict proof is demanded.

26.     Defendant Harmon states that the allegations of paragraph 26 appear to be directed to Defendants other than Harmon, such that a response is not required from Harmon.  To

the extent that a response is required to the allegations of paragraph 26, this Defendant lacks knowledge and therefore denies same, demanding strict proof.

27.    Defendant Harmon states that the allegations of paragraph 27 appear to be directed to Defendants other than Harmon, such that a response is not required from Harmon.  To the extent that a response is required, the allegations of paragraph 27 are denied on the basis of lack of knowledge, and this Defendant demands strict proof.

28.    Defendant Harmon states that the allegations of paragraph 28 appear to be directed to Defendants other than Harmon, such that a response is not required from Harmon.  To the extent that any averment of paragraph 28 is directed to this Defendant, or a response is required, the allegations of paragraph 28 are denied and strict proof demanded.

29.    Defendant Harmon states that the allegations of paragraph 29 appear to be directed to Defendants other than Harmon, such that a response is not required from Harmon.  To the extent that a response is required, the allegations of paragraph 29 are denied on the basis of lack of knowledge.  Otherwise, Defendant Harmon states that Exhibit 1 speaks for and denies any averments of fault by this Defendant.

30.    Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and therefore denies same.

31.    Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, as to alleged notice, but denies any averments of fault by this Defendant, demanding strict proof of same.

32.    Defendant Harmon denies the allegations in paragraph 32.

33.    Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, other than upon information deny that

Defendants Major, Cody, Shelton, and/or Vonnida were employed by or acting as agents for Defendant Lumiere Casino.  Defendant Harmon denies all allegations of paragraph 33 not specifically admitted.

34.    Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, as they relate to other Defendants, but denies any wrongful acts by this Defendant, and demands strict proof of same.

35.    Defendant Harmon states that paragraph 35 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 35.

36.    Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and therefore denies same.

37.    Defendant Harmon states that the averments of paragraph 37 appear to relate to the other Defendants, and this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and therefore denies same.

38.    Defendant Harmon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and therefore denies same.

39.    Defendant Harmon states that paragraph 39 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 39, demanding strict proof.

40.    Defendant Harmon states that paragraph 40 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 40, demanding strict proof.

41.     Defendant Harmon states that paragraph 41 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 41, demanding strict proof.

42.     Defendant Harmon states that paragraph 42 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 42, demanding strict proof.

43.     Defendant Harmon states that paragraph 43 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 43, demanding strict proof.

44.     Defendant Harmon states that paragraph 44 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 44, demanding strict proof.

45.     Defendant Harmon states that paragraph 45 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 45, demanding strict proof.

46.     Defendant Harmon states that paragraph 46 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 46, demanding strict proof.

47.     Defendant Harmon states that paragraph 47 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 47, demanding strict proof.

48.     Defendant Harmon states that paragraph 48 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 48, demanding strict proof.

49.     Defendant Harmon states that paragraph 49 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 49, demanding strict proof.

50.     Defendant Harmon states that paragraph 50 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 50, demanding strict proof.

51.     Defendant Harmon states that paragraph 51 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 51.

52.     Defendant Harmon states that paragraph 52 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 52.

53.     Defendant Harmon states that paragraph 53 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 53, demanding strict proof.

54.     Defendant Harmon states that paragraph 54 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent that any averment of paragraph 54 relates to this Defendant, or a response is required, this Defendant denies the allegations in paragraph 54, demanding strict proof of claims against this Defendant.

9

55.     Defendant Harmon states that paragraph 55 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent any averment of paragraph 55 relates to this Defendant, or a response is required, this Defendant denies the allegations in paragraph 55, demanding strict proof of any claim against this Defendant.

56.     Defendant Harmon states that paragraph 56 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent any averment of paragraph 56 relates to this Defendant, or a response is required, this Defendant denies the allegations in paragraph 56, demanding strict proof of any claim against this Defendant.

57.     Defendant Harmon states that paragraph 57 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 57.

58.     Defendant Harmon states that paragraph 58 appears to be directed to other Defendants, and states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 58.

59.     Defendant Harmon states that paragraph 59 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 59.

60.     Defendant Harmon denies the allegations in paragraph 60, demanding strict proof thereof.

61.     Defendant Harmon denies the allegations in paragraph 61, demanding strict proof of same.

**Count I ("Alleged Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, and John Doe In Their Individual Capacities")**

10

62.     Defendant Harmon restates and incorporates by reference his responses to paragraphs 1-61 as his response to paragraph 62 of Plaintiff's First Amended Complaint.

63-70.  Defendant Harmon states that the allegations of paragraphs 63 to 70 are directed to Defendants other than Defendant Harmon, such that he is not required to admit or deny.  To the extent that paragraphs 63 to 70 allege any claims or allegations against Defendant Harmon, they are denied and strict proof is demanded.

## Count II ("Alleged Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, and John Doe In Their Individual Capacities")

71.     Defendant Harmon restates and incorporates by reference his responses to paragraphs 1-70 as his response to paragraph 71 of Plaintiff's First Amended Complaint.

72-79.  Defendant Harmon states that the allegations of paragraphs 72 to 79 are directed to Defendants other than Defendant Harmon, such that he is not required to admit or deny.  To the extent that paragraphs 72 to 79 allege any claims or allegations against Defendant Harmon, they are denied and strict proof is demanded.

## Count III ("Alleged Against Defendants Major, Cody, Shelton, Vonnida, Nicholay Miller, and John Doe In Their Individual Capacities")

80.     Defendant Harmon restates and incorporates by reference his responses to paragraphs 1-79 as his response to paragraph 80 of Plaintiff's First Amended Complaint.

81-90.  Defendant Harmon states that the allegations of paragraphs 81-90 are directed to Defendants other than Defendant Harmon, such that he is not required to admit or deny.  To the extent that paragraphs 81-90 allege any claims or allegations against Defendant Harmon, they are denied and strict proof is demanded.

## Count IV ("Alleged Against Defendants Major, Cody, Shelton, Vonnida, Harmon Nicholay, Miller, and John Doe In Their Individual Capacities Pursuant to Missouri Law and R.S.Mo. §516.140")

91.     Defendant Harmon restates and incorporates by reference his responses to paragraphs 1-90 as his response to paragraph 91 of Plaintiff's First Amended Complaint.

92.     Defendant Harmon denies the allegations of paragraph 92, demanding strict proof thereof.

93.     Defendant Harmon states the allegations of paragraph 93 contain improper legal conclusions and appear to be directed to Defendants other than Defendant Harmon, such that a response is not required from Defendant Harmon.  To the extent that any of the allegations of paragraph 93 may relate to Defendant Harmon, or a response is required from Defendant Harmon, they are denied and strict proof is demanded.

94.     Defendant Harmon admits that he was at all times a licensed security officer and that he properly assisted authorized law enforcement officers at their request as directed by said officers.  Defendant Harmon denies any fault or wrongdoing with respect to Plaintiff Blount, denies that the incident occurred in the manner described by Plaintiff Blount, and further denies all allegations of paragraph 94 not specifically admitted and strict proof is demanded.

95.     Defendant Harmon denies the allegations of paragraph 95, demanding strict proof thereof.

96.     Defendant Harmon denies the allegations of paragraph 96, demanding strict proof thereof.

97.     Defendant Harmon denies the allegations of paragraph 97, demanding strict proof thereof.

**Count V ("Alleged Against Defendants Major, Cody, Shelton, Vonnida, Harmon Nicholay, Miller, and John Doe In Their Individual Capacities Pursuant to Missouri Law and R.S.Mo. §516.140")**

98.     Defendant Harmon restates and incorporates by reference his responses to paragraphs 1-97 as his response to paragraph 98 of Plaintiff's First Amended Complaint.

99.     Defendant Harmon denies any allegations in paragraph 99 directed to this Defendant, demanding strict proof of same.

100.    Defendant Harmon states that the averments of paragraph 100 appear to be directed to other Defendants, but denies any allegations in paragraph 100 directed to this Defendant, demanding strict proof of same.

101.    Defendant Harmon states that Exhibit 1 speaks for itself; otherwise, Defendant denies all allegations of paragraph 101 not specifically admitted, herein.

102.    Defendant Harmon states that the averments of paragraph 102 appear to relate to other Defendants, but denies any allegations in paragraph 102 as they may be unrelated to this Defendant.

103.    Defendant Harmon states that paragraph 103 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 103.

104.    Defendant Harmon states that paragraph 104 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant denies the allegations in paragraph 104.

105.    Defendant Harmon states that paragraph 105 states only improper legal conclusions which this Defendant is not required to admit or deny.  To the extent a response is required, this Defendant admits he was at relevant times employed by Defendant Casino One.

106.    Defendant Harmon denies the allegations in paragraph 106, demanding strict proof of same.

107.    Defendant Harmon denies the allegations in paragraph 107, demanding strict proof of same.

108.    Defendant Harmon denies the allegations in paragraph 108, demanding strict proof of same.

## Count VI ("Alleged Against Defendant Hudson Services And Defendant Casino Pursuant To Missouri Law Including The Doctrine Of Respondeat Superior And R.S.Mo §516.140" )

109.    Defendant Harmon restates and incorporates by reference his responses to paragraph 1-108 as his response to paragraph 109 of Plaintiff's First Amended Complaint.

110-115.    Defendant Harmon states that the allegations of paragraphs 110-115 are directed to Defendants other than Defendant Harmon, such that he is not required to admit or deny.  To the extent that paragraphs 110-115 allege any claims or allegations against Defendant Harmon, they are denied and strict proof is demanded.

## Count VII  ("Alleged Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller And John Doe In Their Individual Capacities And In Their Individual Capacities As Agents Of Defendant Hudson Services And Defendant Casino Pursuant to Missouri Law and R.S.Mo. §516.140")

116.    Defendant Harmon restates and incorporates by reference his responses to paragraphs 1-115as his response to paragraph 116 of Plaintiff's First Amended Complaint.

117-128.    Defendant Harmon states the allegations of paragraphs 117-128 are directed to Defendants other than Defendant Harmon, such that he is not required to admit or deny.  To the extent that any allegations or claims of paragraphs 117-128 allege any claims or allegations against Defendant Harmon, they are denied and strict proof is demanded.

## Count VIII ("Alleged Against Defendant Casino Pursuant To Missouri Law And R.S.Mo. §516.120")

129.    Defendant Harmon restates and incorporates by reference his responses to paragraphs 1-128 as his response to paragraph 129 of Plaintiff's First Amended Complaint.

130-138.     Defendant Harmon states the allegations of paragraphs 130-138 of the First Amended Complaint are directed to Defendants other than Defendant Harmon, such that he is not required to admit or deny.  To the extent that any allegations or claims of paragraphs 130-138 allege any claims or allegations against Defendant Harmon, they are denied and strict proof is demanded.

### Count IX ("Alleged Against Defendants Major, Cody, Shelton, Vonnida, Nicholay, Miller, Napier, and John Doe in Their Individual Capacities")

139.     Defendant Harmon restates and incorporates by reference his responses to paragraphs 1-138 as his response to paragraph 139 of Plaintiff's First Amended Complaint.

140-157.     Defendant Harmon states the allegations of paragraphs 140-157 of the First Amended Complaint are directed to Defendants other than Defendant Harmon, such that he is not required to admit or deny.  To the extent that any allegations or claims of paragraphs 140-157 allege any claims or allegations against Defendant Harmon, they are denied and strict proof is demanded.

### Affirmative Defenses

A.     Plaintiff's First Amended Complaint fails to state a claim or any facts upon which relief can be granted against Defendant Harmon either personally or as an employee or alleged agent of any Defendant.

B.     Without admitting, and while denying the factual allegations of Plaintiff's First Amended Complaint, and as an alternate affirmative defense, Harmon states that Plaintiff failed to exercise reasonable care for his own safety and failed to take reasonable steps to avoid the alleged confrontation, but that Plaintiff was the aggressor in any alleged confrontation, such that an assessment of Plaintiff's comparative fault/sole fault should be made in this case for Plaintiff's alleged damages herein.

C.     Plaintiff voluntarily assumed the alleged risk and therefore Plaintiff's claims are barred in that he is solely at fault.

D.     Plaintiff's injuries were caused entirely by his own negligence in that, upon information and belief, Plaintiff's alleged injury resulted entirely from Plaintiff's own negligence, carelessness, or failure to exercise reasonable care for his own safety.

E.     The property at the time and place of Plaintiff's alleged injury was open, well lit, properly designed, properly secured, and not subject to any defect, and Plaintiff's injury resulted from his own voluntary failure to exercise due care for his own safety, and assumption of any alleged risk.

F.     This Defendant is not responsible for the alleged wrongful or criminal acts of third parties not under this Defendant's control.

G.     Upon information and belief, Plaintiff was not a business invitee, but at most a licensee at the time and place in question.

H.     Plaintiff's First Amended Complaint improperly combines claims against this Defendant and other independent Defendants in one or more single and integrated counts, which is improper, such that Plaintiff should be required to re-plead.

I.     Plaintiff's claim for punitive damages is barred by the Due Process Clause, which requires that adequate standards and controls be established to prevent a punitive damages award from constituting the arbitrary deprivation of property.  In addition, an award of punitive damages in this case violates the Due Process, Equal Protection clauses, and Article I, Section 2 of the Missouri Constitution, as there is no method of review providing adequate protection from arbitrary awards.  The imposition of punitive damages, as sought by plaintiff in this case, would

constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

J.      The recovery of punitive damages by Plaintiff in this case is barred by the Due Process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article I, Section 10 of the Missouri Constitution, because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure meaningful individualized assessment of appropriate deterrence and retribution in that there are no realistic standards or limits imposed upon the amount and inadequate and imprecise relationship between the actual damages sustained and the amount of punitive damages that may be awarded.

K.      The submission and recovery of punitive damages by Plaintiff in this case is barred by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 19, 3 and 15 of the Missouri Constitution, since the purpose of punitive damages is punishment and deterrence, and there are not adequate procedural safeguards to protect Defendant's rights against self-incrimination, the right to proof beyond a reasonable doubt and the right to freedom from unreasonable searches and seizures.

L.      The submission and recovery of punitive damages by Plaintiff in this case is barred by the Eighth Amendment to the Constitution of the United States and Article I, Section 21 of the Missouri Constitution, because an award of punitive damages would constitute an excessive fine.

M.      Any award of punitive damages to Plaintiff in this action would constitute a deprivation of Defendant's property without due process of law in violation of the Fifth and

Fourteenth Amendments to the United States Constitution an in violation of Defendants equal protection rights.

N.      Defendant specifically reserves all other defenses and avoidances including, but not limited to, each and every affirmative defense permitted by Rule 8(c) of the Federal Rules of Civil Procedure, which may be warranted in the future.

WHEREFORE, Defendant Matthew Harmon respectfully prays an Order of this Court dismissing all of Plaintiff's claims against this Defendant, for judgment in favor of Defendant Harmon, for an award of his costs herein, and for such further relief as is appropriate.

_/s/ Jeffrey J. Brinker_
Jeffrey J. Brinker, #30355MO
Michael C. Bowgren, #57450MO
Brinker & Doyen, L.L.P.
34 N. Meramec Avenue, 5th Floor
Clayton, Missouri 63105
314-863-6311
Fax: 314-863-8197
jbrinker@brinkerdoyen.com
mbowgren@brinkerdoyen.com
**Attorneys for Defendants**
**Casino One Corporation and**
**Matthew Harmon**

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2015, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Douglas B. Rudman
Rudman & Smith, LLC
2611 S. Big Bend Blvd., Suite 325
St. Louis, Missouri 63143
314-645-7246
Fax: 314-645-4156
doug@rudmansmithlaw.com
*Attorneys for Plaintiff*

Phillip Sholtz
Attorney General of Missouri
Assistant Attorney General
P. O. Box 861
St. Louis, Missouri 63188
314-340-7861
Fax: 314-340-7891
Philip.sholtz@agomo.gov
*Attorney for Defendants*
*Metropolitan Police Department*
*City of St. Louis*
*Samuel Dotson*
*City of St. Louis*
*Board of Police Commissioners*
*Zachary Nicholay*
*Matthew Miller*
*Albert Napier*

Stephen M. Strum
David Z. Hoffman
Sandberg Phoenix, PC
600 Washington Avenue, 15th Floor
St. Louis, Missouri 63101-1313
314-231-3332
Fax: 314-241-7604
sstrum@sandbergphoenix.com
dhoffman@sandbergphoenix.com
*Attorneys for Defendants*
*Keith S. Major*
*Nicholas R. Shelton*
*Erich J. Vonnida*
*Ezell T. Cody, Jr.*
*HBS, Co.*

V. Scott Williams
John H. Kilper
Hazelwood & Weber, LLC
200 N. Third Street
St. Charles, Missouri 63301-2890
636-947-4700
Fax: 636-947-1743
swilliams@hazelwoodweber.com
jkilper@hazelwoodweber.com
*Attorney for Defendants*
*Pinnacle Entertainment, Inc.*
*Casino One Corporation*
*Tropicana Entertainment, Inc.*
*Matthew Harmon*

  /s/ Jeffrey J. Brinker