UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES P. BLOUNT, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15 CV 322 DDN |
| KEITH S. MAJOR, NICHOLAS R. SHELTON, ERICH J. VONNIDA, EZELL T. CODY, JR., ZACHARY NICHOLAY, MATTHEW MILLER, ALBERT NAPIER, HBS, CO., CASINO ONE CORP., and MATTHEW HARMON, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This action is before the court on the motion of plaintiff James P. Blount to amend the current Protective Order (Doc. 67) by lifting its restrictions regarding Exhibit 1A, a surveillance camera's video record of the relevant incident. (Doc. 78.) Defendants Albert Napier, Zachary Nicholay, and Matthew Miller have moved to expand the Protective Order to cover a new dvd recording delivered to the St. Louis Metropolitan Police Department by Lumiere Casino (Exhibit 1B). (Doc. 96.) The court heard oral argument on March 11, 2016.

**I. BACKGROUND**

On February 19, 2015, plaintiff Blount commenced this action against defendants Casino One Corporation and certain individuals in their individual capacities.[1] Plaintiff seeks relief under Missouri state law and under 42 U.S.C. § 1983, invoking the court's

---

[1] Several defendants were dropped by plaintiff's first amended complaint, filed on March 16, 2015. (Doc. 41.)

federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a). (Doc. 41.)

Exhibit 1-A was filed under seal on May 21, 2015, (doc. 66) as an exhibit to the parties' stipulated joint motion for a Protective Order (doc. 65). The court granted the stipulated Joint Protective Order. (Doc. 67.)

On January 27, 2016, plaintiff filed the motion to amend the protective order. Defendants object to any amendment and seek to broaden the Protective Order to include Exhibit 1-B.

## II. **PROTECTIVE ORDER MODIFICATION STANDARD**

Federal Rule of Civil Procedure 26(c) allows for the issuance of a protective order upon a showing of good cause. See Monsanto Co. v. Pioneer Hi-Bred Int'l, Inc., No. 4:12 CV 1090 CEJ, 2014 WL 1211111, *1 (E.D. Mo. Mar. 24, 2014). If parties enter freely into a stipulated protective order, they are implicitly agreeing that there is good cause to grant it. Factory Mut. Ins. Co. v. Insteel Indus., Inc., 212 F.R.D. 301, 305 (M.D.N.C. 2002). When modification of a protective order is sought, the movant bears the burden of showing good cause. F.T.C. v. AbbVie Products LLC, 713 F.3d 54, 66 (11th Cir. 2013); Geller v. Branic Int'l Realty Corp., 212 F.3d 737, 738 (1st Cir. 2000). However, when parties have agreed to a stipulated protective order, the party seeking modification has the burden to show particular good cause to gain relief. See, e.g., Am. Tel. &Tel. Co. v. Grady, 594 F.2d 594, 597 (7th Cir. 1978) ("where a protective order is agreed to by the parties before its presentation to the court, there is a higher burden on the movant to justify the modification of the order"). Guzhagin v. State Farm Mutual Auto. Ins. Co., Civil No. 07-4650 JRT/FLN, 2009 WL 294305, *2 (D. Minn. 2009); Jochims v. Isuzu Motors, Ltd., 145 F.R.D. 499, 501 (S.D. Iowa 1992). Regardless of whether the protective order was stipulated to, "[a] party seeking to amend a protective order has the burden of showing that intervening circumstances have obviated or limited any potential prejudice to the protected party." U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A., No C13-2041, 2015 WL 429962, at *2 (E.D. Iowa Feb. 2, 2015) (citing Iowa

Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 (8th Cir. 1979)); see also, Tama Plastic Indus. v. Pritchett Twine & Net Wrap, LLC, No. 8:12 CV 324, 2014 WL 4825173, at *1 (D. Neb. Sept. 26, 2014).

Plaintiff agreed to the protective order, even though he attempted to limit that agreement by stating, "[p]laintiff does not concede whether it is necessary and/or appropriate for Exhibit 1A to be the subject of a protection order and at the present it is unknown to Plaintiff as to whether the Exhibit 1A is an open record in the possession of any public depository . . . ."  (Doc. 67 at 1.)  Nonetheless, plaintiff agreed to the "stipulated joint protective order," conceding that there was good cause to enter it and now bears the burden of proving that circumstances have changed and that modification is necessary.  Accord Iowa Beef Processors, Inc., 601 F.2d at 954; U.S. Commodity Futures Trading Comm'n, 2015 WL 429962 at *2; Factory Mutual Ins. Co., 212 F.R.D. at 305.

Additionally, plaintiff asserts that he only agreed to the Protective Order for a certain amount of time.  The record indicates, however, that he stated "[p]laintiff agrees not to seek relief of protective order for at least one hundred days after entry of this protection order by the Court."  (Doc. 67 at ¶ 16.)  This statement does not change his burden of proof the relief he now seeks.

### III. DISCUSSION

Plaintiff has moved to amend the protective order to allow for the release to the public of the footage from the outside "open and obvious" cameras, because such disclosure would not reveal secret or proprietary information.  (Docs. 78, 84, 86.) Plaintiff also argues the open and obvious recordings do not implicate any government interest, particularly any interest of the Missouri Gaming Commission.  (Doc. 84.) Plaintiff argues that the current Protective Order limits his ability to find witnesses to the alleged events.  (Doc. 78.) Finally, plaintiff argues the matter is of significant public interest and therefore public release is necessary.  (Docs. 78, 84, 86, 98.)   Plaintiff also

requests the court deny defendants' motion to include Exhibit 1-B in the Protective Order. (Doc. 98.)

Defendants counter that the circumstances have not changed from when the court issued the Protective Order: the cameras' locations and effectiveness remain proprietary and confidential and plaintiff is not prejudiced by the order.

### A. The Original Protective Order

The proprietary and secretive nature of the cameras, both on and off the casino's gaming floor, has not changed from the day the court granted the original stipulated joint protection order (Doc. 67.) Although most persons would assume that cameras are capturing visitors' actions throughout the casinos, the number of cameras and their locations and capabilities have not been shown to public knowledge. This lack of public knowledge about the cameras is a deterrent to crime both on and around the gaming floor and on the casino's other premises. These are security and financial interests that are lawfully the subject of the Protective Order. There continues to be significant concerns from defendants regarding disclosing location of their cameras as well as their capabilities by the release of the videos in their entirety.

Additionally, in no proceeding has the court heard from the Missouri Gaming Commission and whether or not the release of any of these videos would conflict with its own regulations. Plaintiff has not shown that circumstances have changed since May 22, 2015 when the court entered the stipulated joint protective order.

### B. Including Exhibit 1-B

Exhibit 1-B (doc. 97) is a copy of two of the six camera views that are captured on Exhibit 1-A. As stated in the stipulated joint protective order,

> Nothing herein shall restrict a recipient, for use in connection with these actions, from making working copies, abstracts, digests and analyses of <u>Exhibit 1A</u> or from preparing documents for filing disclosing such information. However, all such working copies, abstracts, digest, analyses

and/or filings shall be deemed to have the same level of protection under the terms of this order as the original disc.

(Doc. 67 at ¶ 11.)

Therefore, the court considers Exhibit 1-B as confidential and covered under the Stipulated Joint Protective Order (Doc. 67).

## V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiff to modify the Protective Order (doc. 78) is denied.

**IT IS FURTHER ORDERED** that the motion of defendants to modify the Protective Order (doc. 96) to include Exhibit 1-B (submitted as doc. 97) is sustained.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 20, 2016.