UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES P. BLOUNT, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) ) Case No. 4:15-CV-00322DDN |
| ALBERT NICHOLAY, et. al., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS MILLER, NAPIER, AND NICOLAY'S
MOTION TO COMPEL WITH MEMORANDUM IN SUPPORT**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and E.D.Mo. L.R. 37-3.04 (A), Defendants Miller, Napier, and Nicolay ("Defendants") respectfully submit this memorandum in support of their Motion to Compel Plaintiff to disclose the terms of his settlement agreement or agreements ("settlement") with Defendants Keith Major, Nicholas Shelton, Erich Vonnida, Ezell Cody, Jr., John Doe(s), HBS, CO., also known as Hudson Services, ("Hudson Services Defendants") Casino One Corporation, also known as Lumiere Casino, Lumiere Place & Hotels, also known as Lumiere Place Casino & Hotels, and Matthew Harmon ("Lumiere Defendants"). In support, Defendants state as follows:

1

## BACKGROUND

This lawsuit was filed in St. Louis City Circuit Court and removed to federal court on February 19, 2015. (Doc. 1).  Plaintiff filed a First Amended Complaint on March 16, 2015. (Doc. 41).  The First Amended Complaint named the Hudson Services Defendants and the Lumiere Defendants and John Doe(s).  Id.  Plaintiff asserted nine counts against Hudson Services Defendants and Lumiere Defendants. In all but two of those counts, Defendants Miller, and/or Napier, and/or Nicolay were also named as Defendants.  Id.  Defendants Miller, Napier and Nicolay answered and among the affirmative defenses, plead set-off.  (Doc. 53, 54, 55). On November 4, 2015, Plaintiff dismissed party John Doe.  (Doc. 69).

Plaintiff entered into a settlement agreement with Hudson Services Defendants and Lumiere Defendants.  On August 31, 2016, Plaintiff filed a motion to dismiss the Hudson Services Defendants and the Lumiere Defendants. (Doc. 111). On September 12, 2016, this Court entered an order dismissing these Defendants. (Doc.  112).

On September 16, 2016, Plaintiff's counsel met in person with counsel for Defendants Miller, Napier, and Nicolay and made a monetary demand to settle claims against them and Defendant John Doe(s).  At this meeting, counsel for Defendants requested Plaintiff's settlement with Hudson Services

Defendants and Lumiere Defendants and Plaintiff's counsel declined to disclose for the reason that the settlement was confidential.

Undersigned counsel for Defendants certifies that she has in good faith conferred by telephone with Plaintiff's counsel when she first learned that Plaintiff had reached a settlement with Hudson Services Defendants and Lumiere Defendants. Again, at the September 16, 2016, meeting with Plaintiff's counsel, a request for the settlement was made and the request was declined. On September 21, 2016, during the case status conference, it was determined by the Court that the remaining parties have in good faith conferred in an effort to secure the information without court action.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." This Court has broad discretion to

decide discovery motions. Pavlik v. Cargill, Inc., 9 F.3d 710, 714 (8th Cir. 1993).

Plaintiff will not divulge the terms of the settlement agreement, claiming that the settlement is confidential. But this is not a sufficient reason because settlement agreements are not shielded from discovery merely because they are confidential. Directv, Inc. v. Puccinelli, 221 F.R.D. 677, 684-86 (D. Kan. 2001).  Plaintiff's settlement is critically important to Defendants' defenses because Defendants have plead set-off as an affirmative defense and some or all of the settlement may constitute a set off to which Defendants are entitled under Missouri law.  Section 537.060 RSMo,[1]   Under Rule 26, the settlement is not only relevant but proportional to the needs of the case because Section 537.060 permits the amount of damages awarded based upon a defendant's liability to be reduced by the amount of a settlement reached between the Plaintiff and a joint tortfeasor.  Sanders v. Ahmed, 364 S.W.3d 195, 211 (Mo. banc 2012).  Section 537.060 was enacted to ensure that an injured person does not obtain more than one satisfaction for the same wrong.  Id. at 213 (citing State ex rel. Normandy Orthopedics, Inc. v. Crandall, 581 S.W.2d 829, 831 n. 1 (Mo. banc 1979)). Thus, Defendants have

---

[1] Statutory citations are to the Missouri Revised Statutes 2000, as updated through the Cumulative Supplement.

4

a right of set off or reduction of any claim against them to the extent of the settlement with Hudson Services Defendants and Lumiere Defendants. Section 537.060; State ex rel. Simmerock v. Brackmann, 714 S.W.2d 938, 942 (Mo. App. 1986). Under Missouri law, this is a legally protectable interest that was created by the statute so the settlement is relevant and proportional to the needs of the case and thus, discoverable. See, White v. Kenneth Warren & Son, Ltd., 203 F.R.D. 364, 366-67 (N.D.Ill. 2001)("Courts have allowed discovery of settlement documents in order to allow parties to ascertain the extent of their liability"). Defendants have not yet located authority to support the proposition that Defendants have a substantive due process right under Section 537.060. "[W]here the right exists only by state law, it is not protected by substantive due process and 'may constitutionally be rescinded so long as the elements of procedural due process are observed.'" State ex rel. Cavallaro v. Groose, 908 S.W.2d 133, 135 (Mo. banc 1995)(citing McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994). That said, the issue before this Court is whether the settlement with Hudson Services Defendants and Lumiere Defendants is discoverable under Rule 26(b)(1) to show what, if any, damages Plaintiff may still allege. It is also relevant to Defendants' ability to respond to Plaintiff's September 16, 2016 settlement demand. Without this information, Defendants are unable to properly evaluate the Plaintiff's September 16th monetary demand to settle his claims against them

5

and the John Doe(s) and thus, Defendants cannot respond to the demand. Disclosure of the settlement is also necessary to evaluating the settlement's impact on the settling Defendants called as witnesses at trial. Also, disclosure of the settlement may lead to the discovery of possible bias on the part of a witness since the settlement could be conditioned on the witness' cooperation at trial or there could have been some other consideration.

Without the settlement, Defendants are prejudiced in their ability to respond to a demand, prepare a defense, and prepare for trial, if necessary. Therefore, Defendants respectfully move this Court to order Plaintiff to provide the discovery sought by providing the settlement documents, including the disbursement of net proceeds to Plaintiff after deduction of attorneys' fees and costs --- within 10 days of the Court's order.

WHEREFORE, Defendants Miller, Napier, and Nicolay respectfully request that this Court issue an Order compelling Plaintiff's disclosure within 10 days of the Court's order and for any other relief this Court deems appropriate.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Denise McElvein*
Denise McElvein, #45227
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, MO 63188
(314) 340-7861 telephone
(314) 340-7029 facsimile
Attorneys for Defendants Miller, Napier and Nicolay

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:


Douglas B. Rudman
Derek M. Rudman
Timothy J. Smith
Rudman & Smith, LLC
2611 South Big Bend Boulevard
St. Louis, MO  63143
PH: 314 645-7246
FX: 314 645-4156
doug@rudmansmithlaw.com
**Attorneys for Plaintiff**

**I hereby certify that on October 5, 2016, the foregoing was mailed, first-class postage prepaid, to the following dismissed defendants:**

Scott Williams, #36177MO
John H. Kilper, #60997MO
Hazelwood & Weber, LLC
200 N. Third Street
St. Charles, MO 63301
PH:  636-947-4700
FX:  636-947-1743
swilliams@hazelwoodweber.com
jkilper@hazelwoodweber.com
**Attorneys for Defendants
Casino One Corporation and Matthew Harmon**

Jeffrey J. Brinker, #30355MO
Michael C. Bowgren, #57450MO
Brinker & Doyen, LLP
34 N. Meramec Avenue, 5th Floor
Clayton, Missouri  63105
PH:  314-863-6311
FX:  314-863-8197
jbrinker@brinkerdoyen.com
mbowgren@brinkerdoyen.com
**Attorneys for Defendants
Casino One Corporation and
Matthew Harmon**

Stephen M. Strum, #37133MO
David Z. Hoffman, #55237MO
Sandberg Phoenix & von Gontard, P.C.
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
PH:  314-231-3332
FX:  314-241-7604
sstrum@sandbergphoenix.com
dhoffman@sandbergphoenix.com
**Attorneys for Defendants
Keith S. Major, Nicholas R. Shelton, Erich J. VonNida,
Ezell T. Cody, Jr., and HBS, Co.**

Charles H. Billings
Bruntrager and Billings
1735 S. Big Bend Boulevard
St. Louis, MO 63117
PH: 314-646-0066
Fax: 314-646-0065
chb@law-stl.com
**Attorney for Defendant HBS, Co.**


                                                 */s/ Denise McElvein*
                                                 Assistant Attorney General