UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES P. BLOUNT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15 CV 322 DDN |
| ) | |
| KEITH S. MAJOR, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action is before the court on the motion of defendants Matthew Miller, Albert Napier, and Zachary Nicholay to compel discovery. (ECF No. 115). Specifically, defendants Miller, Napier, and Nicholay seek to compel plaintiff to disclose the terms of the settlement agreements he made with defendants dismissed from this case. The court heard oral argument on September 21, 2016.

## I. BACKGROUND

On March 16, 2015, plaintiff James P. Blount filed his First Amended Complaint before this court, naming Casino One Corporation, Ezell Cody, Hudson Services, Matthew Harmon, Keith Major, Matthew Miller, Albert Napier, and Zachary Nicholay, Nicholas Shelton, and Erich VonNida, among others, as defendants. (ECF No. 41). In their responsive pleadings, defendants Miller, Napier, and Nicholay each pled set-off as an affirmative defense to plaintiff's claims:

> If a defendant or another party or entity makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any party, individual or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, that the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

(ECF Nos. 28 at 14; 29 at 14; 53 at 16; 54 at 26; and 55 at 26). On August 31, 2016, plaintiff filed a motion to dismiss the following defendants with prejudice, pursuant to one or more settlement agreements: Casino One Corporation, Ezell Cody, Hudson Services, Matthew Harmon, Keith Major, Nicholas Shelton, and Erich VonNida. (ECF No. 111). On September 16, 2016, plaintiff made a settlement demand of defendants Miller, Napier, and Nicolay. Remaining defendants Miller, Napier, and Nicolay have requested the terms of the settlement agreements. Plaintiff has resisted production on the grounds that (1) the settlement agreements contain confidentiality clauses and (2) the agreements are not relevant to a pre-judgment defense of set-off. The parties have conferred in good faith, and plaintiff now moves to compel the disclosure of the settlement agreements.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 26 allows for the discovery of any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff has not claimed privilege as a protection from discovery. A concern for protecting confidentiality does not equate to privilege, and several courts have found that settlement agreements are not shielded from discovery simply because they are confidential. *See, e.g., Transp. All. Bank, Inc. v. Arrow Trucking Co.*, 2011 WL 4964034, at *1-2 (N.D. Okla. Oct. 19, 2011); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 1246216, at *5 (D. Kan. Apr. 27, 2007); *Cadmus Commc'ns Corp. v. Goldman*, 2006 WL 3359491, at *3-4 (W.D.N.C. Nov. 17, 2006); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684 (D. Kan. 2004); *Bennett v. La Pere*, 112 F.R.D. 136, 140 (D.R.I. 1986).

The cardinal question, therefore, is whether the terms of the settlement agreements are relevant to this lawsuit. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Puccinelli*, 224 F.R.D. at 684 (citations omitted). The party seeking discovery must make a threshold showing of relevance,

*Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1992), at which time the party resisting discovery "must demonstrate to the court that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Frey v. Fed. Reserve Bank of St. Louis*, No. 4:15 CV 737 CEJ, 2015 WL 8276932, at *2 (E.D. Mo. Dec. 8, 2015) (citations omitted). Evidence need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1).

### III. DISCUSSION

Defendants Miller, Napier, and Nicolay contend that plaintiff's settlement amount is critically important to their affirmative defense of set-off, and some or all of the settlement may set off any claim against them, as provided by Mo. Rev. Stat. § 537.060. They also argue that the settlement amount is discoverable to show what, if any, damages plaintiff may still allege, as well as the defendants' ability to respond to plaintiff's September 16, 2016 settlement demand. They assert that without this information, they are unable to properly evaluate the demand. Finally, they argue that disclosure of the settlement is necessary to evaluate witness bias. Plaintiff responds that the set-off defense applies only to judgments, not settlements, and compelling plaintiff to disclose terms of the settlement would have a chilling effect on settlement negotiations.

Missouri's contribution statute provides in part:

> Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract.

Mo. Rev. Stat. § 537.060. This statute, and defendants' set-off defense, is predicated on the court issuing a judgment. The court agrees that defendants cannot invoke set-off prior to a trial and its ensuing judgment.

However, this does not mean that the settlement amount is not relevant for discovery purposes. Defendants have noted that that this amount will be helpful for them

-3-

in responding to a pending settlement demand and in evaluating the bias and credibility of any dismissed defendant witnesses. Additionally, while set-off is a post-judgment defense, knowing the amount plaintiff has already received will surely impact the defendants' strategy as they prepare for trial and any potential judgment against them. Rule 26 does not distinguish between post-judgment and pre-judgment defenses in its delineation of the scope of discoverable information. *See* Fed. R. Civ. P. 26(b)(1); *Gaedeke Holdings VII, Ltd. V. Mills*, 2015 WL 3440222 *2 (W.D. Okla. 2015).

In granting a motion to compel, the Northern District of Illinois compared the disclosure of a settlement amount for negotiation and litigation strategy purposes to the pretrial disclosure of insurance coverage required by the federal rules. *U.S. E.E.O.C. v. Rush Prudential Health Plans*, 1998 WL 156718, at *3 (N.D. Ill. Mar. 31, 1998). It cited the advisory committee's note to Fed. R. Civ. P. 26, which provides that "disclosure will enable both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Fed. R. Civ. P. 26 advisory committee's note. The court finds that the settlement agreements defendants are seeking are relevant and discoverable. They may establish the bias of witnesses, allow defendants to ascertain the extent of their liability, and inform the defendants' set-off defense and settlement and litigation strategies.

Finally, while the court is sensitive to plaintiff's desire to keep his confidentiality agreement, it notes that the defendants with whom plaintiff settled have requested a protective order limiting disclosure of the terms of the settlement agreement, putting the terms under seal, and designating the terms for "attorneys' eyes only." (ECF Nos. 116, ¶ 5; 119, ¶ 7). The court will sustain these requests. The court grants defendants' motion to compel, but limits the disclosure of the terms of the settlement only to those provisions related to witness testimony and the settlement amounts paid, including the disbursement of net proceeds to plaintiff after the deduction of attorneys' fees and costs. Any issues regarding confidentiality will be adequately protected by the attorneys-eyes-only protective order.

## V. CONCLUSION

For the reasons stated above, unless otherwise agreed by the parties,

**IT IS HEREBY ORDERED** that the motion of defendants to compel production of the terms of the settlement agreement (ECF No. 115) is **SUSTAINED**. The only terms required to be disclosed are those related to witness testimony and the settlement amounts paid, including the disbursement of net proceeds to plaintiff after the deduction of attorneys' fees and costs. Plaintiff must produce the requested information **not later than November 18, 2016**.

**IT IS FURTHER ORDERED** that dismissed defendants' motions for protective orders (ECF Nos. 116 and 119) are **SUSTAINED**, in that the settlement terms must be produced under seal for "Attorneys' Eyes Only" and under any other condition(s) agreed to by the parties.

**IT IS FURTHER ORDERED** that a status conference is **set for December 6, 2016, at 9:30 a.m.**

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 1, 2016.