UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES P. BLOUNT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15 CV 322 DDN |
| | ) |
| ZACHARY NICHOLAY, | ) |
| MATTHEW MILLER, | ) |
| ALBERT NAPIER, | ) |
| BRENT FINCHER, | ) |
| RYAN STRITTMATTER, | ) |
| JOHN VOGT, | ) |
| TERRENCE HOWARD, and | ) |
| SCOTT AUBUCHON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action is before the Court on the motions of defendants Scott Aubuchon, Brent Fincher, Ryan Strittmatter, and John Vogt to dismiss Counts 4, 5, and 7 of the second amended complaint of plaintiff James P. Blount them (Doc. 163) and of defendant Terrence Howard for summary judgment (Doc. 172). The Court heard oral arguments from the parties on February 27, 2019.

## BACKGROUND

Plaintiff alleges the following relevant facts in his second amended complaint. (Doc. 144). On January 19, 2013, plaintiff was assaulted by another patron of Casino One at Lumiere Place Casino and Hotels in St. Louis, Missouri. (*Id.* at ¶¶ 8-9). Certain security officers of the Casino were off-duty police officers of the St. Louis Police Department, and these officers were wearing their official uniforms when they learned of

the assault. (*Id.* at ¶ 10). Assuming that plaintiff was the perpetrator and not the victim of the assault, these officers further assaulted and battered plaintiff until he was rendered unconscious at the scene. (*Id.*). An ambulance was called, and defendants Albert Napier, Matthew Miller, and Zachary Nicholay responded to the scene. (*Id.*). Defendant Napier reviewed security camera recordings that captured the incident and could determine that plaintiff was the victim of an assault and battery, and that the off-duty officers had used excessive force against plaintiff. (*Id.*). At some point, plaintiff was placed under arrest and put in handcuffs. (*Id.* at ¶ 12).

While the ambulance transporting plaintiff to the hospital, he was handcuffed but unable to lie flat due to his femur being dislocated from his hip. (*Id.* at ¶ 13). Plaintiff was then punched in the stomach by defendant Miller, with the others failing to protect, intercede, or intervene on plaintiff's behalf. (*Id.* at ¶¶ 13, 63).

Once plaintiff was at the hospital, he was guarded by St. Louis City police officers, including defendant John Vogt. (*Id.* at ¶ 15). One officer stated to plaintiff that the videotape confirmed plaintiff was not the aggressor, and that if plaintiff did not sue the police department, the department would not issue criminal charges against him. (*Id.* at ¶ 16). Plaintiff continued to receive medical care and defendants failed to pay for his medical care. (*Id.* at ¶ 18).

Plaintiff underwent surgery for his injuries. (*Id.* at ¶ 19). Shortly after surgery, and without obtaining a "fit for confinement" form or approval from a healthcare provider, defendants Brent Fincher and Ryan Strittmatter transported plaintiff from the hospital to the St. Louis Justice Center for booking. (*Id.*). Plaintiff alleges this was done as part of a conspiracy to threaten plaintiff and deter him from filing a lawsuit or seeking redress for his injuries. (*Id.* at ¶ 20).

Officers Keith S. Major, Ezell T. Cody, Nicolas R. Shelton, and Erich J. Vonnida prepared an incident report that contained false statements to cover up police misconduct and to prevent plaintiff from seeking redress. (*Id.* at ¶¶ 21-22). This incident report was approved by police officers Lucinda J. Miller and Scott A. Aubuchon. (*Id.* at ¶ 23). The incident refers to video surveillance of the incident. (Doc. 1, Ex. 1). Plaintiff alleges that

this video shows plaintiff was not the initial aggressor but was defending himself from another patron of the Casino. (*Id.* at ¶¶ 25-26). Plaintiff further alleges that the video shows plaintiff did not assault any officer, and they did not issue any command to plaintiff prior to using force against him. (*Id.*). The video purportedly shows officers forcing witnesses away from the scene without obtaining witnesses' names or statements, in order to cover up the circumstances of the incident. (*Id.* at ¶ 30). The video was not shown to any prosecuting attorney and not produced by defendants. (*Id.* at ¶ 26).

After booking plaintiff for no prosecutable offense and in order to make their threat credible, the officers took plaintiff on a drive and dropped him off at an unknown location in the City of St. Louis, making final threats to him not to report the incident. (*Id.* at ¶ 32). There is no record that plaintiff was ever at the Justice Center. (*Id.* at ¶ 33).

## **MOTION TO DISMISS**

Defendants move to dismiss plaintiff's claims of false imprisonment (Count 4) and fraud or injurious falsehood (Counts 5 and 7) on the grounds that they fail to state a claim upon which relief may be granted and they are outside the statute of limitations.

### **1. Failure to State a Claim upon Which Relief May be Granted**

Under Rule 12(b)(6), a party may move to dismiss all or part of a complaint for its failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To overcome a motion to dismiss under Rule 12(b)(6) a complaint "must include enough facts to state a claim to relief that is plausible on its face," providing more than just labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a complaint will "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will state a claim for relief that rises above mere speculation. *Twombly*, 550 U.S. at 555. In reviewing the pleadings under this standard, the Court must accept all of the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor, but the Court is not required to accept the legal conclusions the plaintiff draws from the facts alleged.

*Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012). The court additionally "is not required to divine the litigant's intent and create claims that are not clearly raised, . . . and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (citations omitted).

A.  False Imprisonment

Plaintiff brings his claim for false imprisonment against defendants Napier, Aubuchon, Nicholay, Miller, Fincher, Strittmatter, Vogt, and Howard in their individual capacities, but the motion to dismiss is only brought by four defendants: Aubuchon, Strittmatter, Fincher, and Vogt. In order to state a claim of false imprisonment under Missouri law, plaintiff must allege that he was detained against his will and that this detention was unlawful. *See Highfill v. Hale*, 186 S.W.3d 277, 280 (Mo. 2006); *Rankin v. Venator Grp. Retail, Inc.*, 93 S.W.3d 814, 822 (Mo. Ct. App. 2002). Defendants argue that such a claim must allege "each" defendant confined plaintiff without legal justification. (Doc. 164 at 2). Plaintiff responds that this is a complicated case, and the defendants were all acting in concert with one another. (Doc. 167).

"A person can be liable for false imprisonment or false arrest if he encourages, causes, promotes, or instigates the arrest." *Highfill*, 186 S.W.3d at 280. However, there is no liability for "a mere negation or failure to speak or act." *Gibbs v. Blockbuster, Inc.*, 318 S.W.3d 157, 170 (Mo. App. 2010).

Defendants Aubuchon, Fincher, Strittmatter, and Vogt argue that the second amended complaint alleges only that they failed to supervise *other* officers who purportedly confined plaintiff, or that they failed to investigate plaintiff's confinement in order to intervene and prevent a false imprisonment. Movant-defendants argue that none of them was present at the initial arrest or transporting of him to the hospital, and that they are therefore not liable for false imprisonment.

The Court agrees. Plaintiff's allegations indicate these officers were involved only after plaintiff's arrest, and there is no factual allegation indicating that they caused,

promoted, or instigated the arrest. Defendant Aubuchon simply signed the incident report prepared by the arresting officers, defendant Vogt simply stood guard over plaintiff once he had already been taken to the hospital by other officers, and defendants Fincher and Strittmatter simply transported plaintiff from the hospital to the jail. While the complaint suggests they perhaps failed to investigate or intervene, there is no liability for failure to investigate. The Second Amended complaint contains insufficient facts, beyond labels and conclusions, to state a claim for false imprisonment against the movant-defendants.

### B. Fraud and Injurious Falsehood

To state a claim of fraud against defendants, plaintiff must allege facts supporting each of the following elements:

(1) a false, material representation;

(2) the speaker's knowledge of its falsity or his ignorance of its truth;

(3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated;

(4) the hearer's ignorance of the falsity of the representation;

(5) the hearer's reliance on its truth;

(6) the hearer's right to rely thereon; and

(7) the hearer's consequent and proximately caused injury.

*Bohac v. Walsh*, 223 S.W.3d 858, 862–63 (Mo. Ct. App. 2007).

To state a claim of injurious falsehood, plaintiff must allege facts supporting these elements:

(1) defendant's publication of a false statement;

(2) defendant's knowledge that the statement was false or made in reckless disregard for its truth or falsity;

(3) defendant's intent or constructive knowledge that publication of the false statement would cause pecuniary harm to another; and

(4) resulting pecuniary loss to plaintiff.

*Wandersee v. BP Prods. N. Am., Inc.*, 263 S.W.3d 623, 628 (Mo. 2008).

The Second Amended complaint fails to plead each of these required elements for defendants Fincher, Strittmatter, and Vogt. It is not alleged that any of these defendants made or published false statements. While defendant Aubuchon signed and thereby made or published the allegedly false statement of other officers, there is no indication he did so knowingly. The incident report does refer to a video of the event, which would allegedly show that the report was false, but there is no allegation that Aubuchon viewed this video before signing. His failure to view the video might be negligent, but it is not reckless disregard. Taking all of the facts alleged as true, plaintiff has failed to state a claim of fraud or of injurious falsehood against each of these defendants. Defendants' arguments about the statutes of limitations are moot.

## **MOTION FOR SUMMARY JUDGMENT**

Second, defendant Terrence Howard argues that he is entitled to summary judgment due to a settlement release document plaintiff executed for certain defendants earlier in this case. (Doc. 172). Plaintiff's initial complaint brought claims against HBS and certain named police officers employed by HBS as private security guards, as well as one John Doe employee of HBS. (Doc. 1). On September 12, 2016, plaintiff dismissed those claims with prejudice as the result of a settlement agreement and release. (Doc. 112). Defendant Howard claims that the language of the release covered not only HBS and the four police officers, but also covered a John Doe defendant later identified as him.

### **Uncontroverted Facts**

Unless otherwise indicated, the following facts are uncontroverted. HBS Co. provides security services for commercial property, including, at all times relevant to the complaint, the Lumiere Place Casino. (Docs. 174, 176 at ¶ 2). On or around January 19 or 20, 2013, plaintiff was involved in an altercation with a third party outside Lumiere Casino. (*Id.* at ¶ 3). Casino security personnel arrested plaintiff and took him by ambulance to St. Louis University Hospital. (*Id.* at ¶ 4). Defendant Howard, originally identified as a John Doe defendant, was St. Louis City police officer. (*Id.* at ¶ 5).

-6-

In plaintiff's first complaint, HBS was named as a defendant and was alleged to employ defendants Major, Cody, Shelton, VonNida, Harmon, and John Doe as security agents. (*Id.* at ¶ 6). On September 12, 2016, this Court granted plaintiff's motion to voluntary dismiss certain defendants with prejudice, including defendants HBS, Major, Shelton, VonNida, Cody, Harmon, and the Casino One Corporation. (*Id.* at ¶ 7). This dismissal was sought as the result of a release executed by plaintiff and identified as defendant's Exhibit H. The release includes the following language:

> James P. Blount . . . does hereby and for his heirs, executor, administrators, successor and assigns, release, acquit and forever discharge HBS, Co., Keith S. Major, Nicholas R. Shelton, Erich J. VonNida, Ezell T. Cody, jr., Matthew Harmon, Pinnacle Entertainment Inc., Casino One Corporation, Tropicana St. Louis LLC, Tropicana Entertainment, Inc., TEI (ES), LLC, and any parent, subsidiary, or related entity, Philadelphia Insurance Companies, **and any John Doe Defendants for whom any of the Released Parties would be responsible to indemnify and defend,** and their agents (actual or apparent), servants, successors, administrators, attorney, insurers and all other persons, firms, corporations, associations or partnerships, of and from any and all claims, actions, cause of actions, rights, damages, costs, loss of service, expenses and compensation whatsoever which James P. Blount . . . allegedly suffered on or about January 20, 2013, as is more fully set out in a suit pending in the United States District Court for the Eastern District of Missouri bearing Cause no. 4:15-cv-00322[.]
>
> * * *
>
> This Release shall not affect Plaintiff's pending lawsuit against any non-settling Defendants named in the aforementioned federal lawsuit, namely Zachary Nicholay, Matthew Miller, and Albert Napier and John Doe(s), however, Plaintiff does not release any claims against any John Doe employed by or under the control of the St. Louis Metropolitan Police Department, but Plaintiff releases any claims against released Defendants concerning said John Doe(s).

(Doc. 174, Ex. 8 at 1, 2) (emphasis added).

Following this dismissal, in September 2018, plaintiff filed his Second Amended Complaint against defendant Terrence Howard in his individual capacity, alleging that defendant Howard was "a police officer with [the St. Louis City Police Department] who

-7-

responded to the hospital after the incident on the premises of Casino," and who was "at the time working secondary employment at Lumiere Casino." (Doc. 144 at ¶ 85).

**Legal Standard**

Summary judgment is appropriate "if there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party." *Shrable v. Eaton Corp.*, 695 F.3d 768, 770 (8th Cir. 2012); *see also* Fed. R. Civ. P. 56(a). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A dispute is genuine if the evidence may prompt a reasonable jury to return a verdict for either the plaintiff or the defendant, and it is material if it would affect the resolution of a case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 252 (1986); *Rademacher v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011). If reasonable minds could differ as to the import of the evidence, then summary judgment is not appropriate. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986).

**Discussion**

Missouri law provides that "[release] language that is plain and unambiguous on its face will be given full effect within the context of the agreement as a whole unless the release is based on fraud, accident, misrepresentation, mistake, or unfair dealings." *Andes v. Albano*, 853 S.W.2d 936, 941 (Mo. banc 1993). Only when a contract is ambiguous does the court look to extrinsic evidence to aid the court's interpretation. *Finova Cap. Corp. v. Ream*, 230 S.W.3d 35, 42 (Mo. Ct. App. 2007). "A contract is ambiguous only if its terms are susceptible to fair and honest differences." *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc 2003). "The terms of a contract are read as a whole to determine the intention of the parties and are given their plain, ordinary, and usual meaning," and "[a] construction that attributes a reasonable meaning to all the provisions of the agreement is preferred to one that leaves some of the provisions without function or sense." *Id.* at 428-29.

After reading the terms of the release as a whole, and giving them their plain and usual meaning, the Court concludes that plaintiff released only his claims against John Doe defendants "whom any of the Released Parties would be responsible to indemnify and defend." An employer is only liable for the conduct of its employees "within the course and scope of employment," that is, "by virtue of the employment and in furtherance of the business or interest of the employer." *Cluck v. Union Pac. R. Co.*, 367 S.W.3d 25, 29 (Mo. 2012). Similarly, an insurance company has a duty to defend only when "there is a potential or possible liability to pay based on the facts at the outset of the case." *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 552 (Mo. 2014). The duty to indemnify is more narrow than the duty to defend. *Id.* Based on the allegations here, the released defendants owed no such responsibility to defendant Howard. Under the plain language of the release, he is not a John Doe exempt from suit.

Defendant Howard emphasizes the following language: "Plaintiff does not release any claims against any John Doe employed by or under the control of the St. Louis Metropolitan Police Department, but Plaintiff releases any claims against released Defendants concerning said John Doe(s)." (Doc. 174, Ex. 8 at 2). This language is consistent with the Court's interpretation. Plaintiff released all claims against those John Does "whom any of the Released Parties would be responsible to indemnify and defend," but he did not release John Does working for the St. Louis Metropolitan Police Department whom the Released Parties would *not* be responsible to indemnify and defend.

In his complaint, plaintiff does not make any allegations against defendant Howard in his capacity as a casino security guard. He only makes allegations against defendant Howard as a St. Louis City police officer: defendant Howard responded for duty to the hospital as a police officer, kept plaintiff confined while he was at the hospital, and participated in transporting plaintiff from the hospital to the jail without a fit for confinement form. (Doc. 144, ¶¶ 85-87, 106, 109, 151). As a matter of law, this does not implicate the released defendants—namely, the casino or its insurance company—in any way that would give rise to a duty to defend or indemnify. Accordingly, defendant

Howard is not one of the John Does released by the agreement. Instead, he is one of the John Does against whom the parties specifically agreed plaintiff could continue his claims. The motion for summary judgment is denied.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion to dismiss (Doc. 163) is granted.

**IT IS FURTHER ORDERED** that defendant Terrence Howard's motion for summary judgment (Doc. 172) is denied.

The following claims remain against the following defendants in their individual capacities:

**Count 1** for deliberate indifference to and deprivation of plaintiff's medical needs against defendants Aubuchon, Fincher, Howard, Miller, Napier, Nicholay, Strittmatter, and Vogt;

**Count 2** for excessive use of force against defendant Miller;

**Count 3** for failure to intercede against defendants Aubuchon, Fincher, Howard, Miller, Napier, Nicholay, Strittmatter, and Vogt;

**Count 4** for false imprisonment against defendants Howard, Miller, Napier, and Nicholay;

**Count 5** for false imprisonment and injurious falsehood against defendants Howard, Miller, Napier, and Nicholay;

**Count 6** for violation of plaintiff's first amendment rights to access the courts against defendants Aubuchon, Fincher, Howard, Miller, Napier, Nicholay, Strittmatter, and Vogt; and

**Count 7** for fraud against defendants Howard, Miller, Napier, and Nicholay.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 20, 2019.